RAMÓN FRANCO y su esposa CLAUDIA E. PÉREZ ESTEVEZ, demandantes y recurrida la última, *v.* MAYAGÜEZ BUILDING, INC. y la COMPAÑÍA DE SEGUROS COMMERCIAL INSURANCE CO. OF NEWARK, NEW JERSEY, demandadas y recurrentes.

*Número:* R-78-177          *Resuelto:* 22 de diciembre de 1978

*Vivas & Martínez-Texidor* y *Roberto E. Dávila López,* abogados de las recurrentes; *Víctor E. Báez,* abogado de la recurrida.

PER CURIAM: El 24 de agosto de 1970, poco después del mediodía, doña Claudia E. Pérez de Franco sufrió una caída

mientras bajaba las escaleras exteriores de un edificio propiedad de Mayagüez Building, Inc., conocido como el Mayagüez Shopping Center, que había sido abierto al público hacía tres o cuatro semanas. Era una escalera ancha, con barandas de metal a ambos lados, a las cuales aún no se habían instalado pasamanos. Tampoco estaba provista de una baranda central.

La Sra. Franco se hallaba en estado de embarazo, vestía un ancho traje de maternidad y usaba zapatos de tacón bajo. Mientras descendía las escaleras junto a la baranda del lado izquierdo, pisó en un hueco de un escalón en que faltaba una loseta y perdió el equilibrio. Se agarró de la baranda más cercana, pero el metal le causó una cortadura en la mano. Instintivamente soltó la baranda, trató de agarrarse de otra persona, pero no pudo, y rodó escaleras abajo siete u ocho escalones.

■ Al ocurrir el accidente la Sra. Franco era empleada de la Administración de Fomento Cooperativo. Fue oportunamente compensada por el Fondo del Seguro del Estado. Transcurrido el plazo que la ley concede al Fondo para instar demanda de subrogación, la Sra. Franco y su esposo presentaron demanda contra la Mayagüez Building, Inc., y su aseguradora para resarcirse por los daños que ambos alegaron haber sufrido. La causa de acción de su esposo fue desestimada por haber prescrito, pues la demanda se presentó el 6 de febrero de 1975.

Las demandadas recurren contra sentencia que declaró con lugar la demanda y las condenó a indemnizar a la Sra. Franco en $25,000.00 por sus daños personales más $6,788.00 por sueldos que dejó de percibir, las costas y $3,000 de honorarios de abogado. Las cantidades de $25,000.00 y $6,788.00 mencionadas fueron estipuladas.

El 31 de mayo de 1978 emitimos resolución en que concedimos plazo a los recurridos para mostrar causa por la cual no debamos expedir el auto al único fin de revisar la concesión de $6,788.00 por lucro cesante, por considerar dicha cantidad

de naturaleza ganancial. La parte recurrida ha comparecido para oponerse a lo así intimado, pero no nos convence.

■ El lucro cesante es una pérdida de naturaleza económica que se traduce en daños. No se concede indemnización por este concepto para restituir o sustituir la integridad física de la persona. Sustituye ingresos provenientes del trabajo. *Publio Díaz* v. *E.L.A.*, 106 D.P.R. 854 (1978). *Cf. Rivera* v. *Rodríguez*, 93 D.P.R. 21 (1966). Tales ingresos dejados de percibir constituyen por tanto una pérdida para la sociedad de gananciales que, siendo una entidad separada y distinta de los cónyuges que la componen—*Rovira Tomás* v. *Srio. de Hacienda*, 88 D.P.R. 173, 176 (1963)—era quien tenía que reclamarla y no lo hizo dentro del término prescriptivo de la acción. Véase 31 L.P.R.A. sec. 5298. La extensión de dicho término por la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 32, para dar tiempo al Administrador del Fondo del Seguro del Estado a subrogarse, si lo desea, aplica a los daños personales del obrero o empleado lesionado. Igual que el esposo de la demandante, la sociedad legal de gananciales constituida entre ambos no estaba impedida de ejercer la acción de daños y perjuicios antes de que se emitiera la decisión del Administrador del Fondo. *Alvarado* v. *Calaiño Romero*, 104 D.P.R. 127, 135 (1975) ; *Gallart Mendía* v. *González Marrero*, 95 D.P.R. 201, 207–208 (1967). La reclamación de la sociedad legal de gananciales por lucro cesante estaba prescrita al instarse la demanda, defensa que fue oportunamente promovida por la parte demandada.

*Se expedirá el auto, se modificará la sentencia del tribunal de instancia para eliminar la partida de $6,788.00 por lucro cesante y, así modificada, deberá ser confirmada.*