VÍCTOR M. ORTIZ DÍAZ y OTROS, demandantes y recurrentes, *v.* R. & R. MOTORS SALES CORP. y OTROS, demandados y recurridos.

*Número:* RE-90-585          *Resuelto:* 26 de octubre de 1992

*Pedro Morell Corrada*, abogado de los recurrentes; *Roberto Segarra Olivencia*, de *Delgado Cadilla*, y *Carlos A. Ramos*, abogados de los recurridos.

La Juez Asociada Señora Naveira de Rodón emitió la opinión del Tribunal.

El 2 de junio de 1987, Víctor M. Ortiz Díaz, Zilma E. Cacho Galarza y la sociedad de gananciales compuesta por ambos, presentaron demanda en el Tribunal Superior, Sala de Bayamón, contra R. & R. Motors Sales Corp. (en adelante R. & R. Motors), la Compañía Aseguradora "X", Alberic Colón Auto Sales, Inc. (en adelante Alberic) y la Compañía Aseguradora "Z". Reclamaron doscientos mil dólares ($200,000) en daños que alegadamente sufrieron con motivo de un accidente de automóvil ocurrido el 10 de marzo de 1987. El 14 de septiembre de 1987 los demandados contestaron la demanda. El 24 de febrero de 1988 los demandantes presentaron demanda enmendada y moción solicitando se permitiera la misma y se expidiera emplazamiento. En dicha demanda incluyeron a la Professional Underwriters Insurance Co. (en adelante Professional) en sustitución de las compañías aseguradoras incluidas en la demanda original con nombre ficticio por desconocerse el verdadero. La demanda enmendada no incluyó alegación alguna sobre lucro cesante. El 3 de octubre de 1988 Professional contestó la demanda enmendada y planteó como defensa afirmativa que la reclamación en su contra estaba prescrita.

Así las cosas, el 21 de agosto de 1989 las partes presentaron Informe de Conferencia Preliminar entre Abogados (en adelante Informe) en el cual la parte demandante hizo constar que sometía varias enmiendas a las alegaciones de la demanda, entre las cuales incluyó, por primera vez, una reclamación por lucro cesante para la sociedad de bienes gananciales por la cantidad de doscientos mil dólares ($200,000). La parte demandada se limitó a señalar que negaba las enmiendas sometidas por la parte demandante. El 28 de agosto de 1989 el tribunal aprobó el Informe.

El 14 de mayo de 1990 las codemandadas Alberic y Professional presentaron moción de desestimación en la cual alegaron que la reclamación por lucro cesante estaba prescrita. Adujeron que el accidente ocurrió el 10 de marzo de 1987 y que no fue hasta el 21 de agosto de 1990, en el Informe, aproximadamente dos años y medio (2 ½) más tarde, que se incluyó, por primera vez, dicha reclamación como enmienda a las alegaciones. A esta moción la parte demandante se opuso. Adujo en apoyo a su contención que las demandadas renunciaron a la defensa de prescripción al no plantearla en el Informe.[1]

Luego de una serie de trámites procesales, el 11 de septiembre de 1990 el foro de instancia dictó sentencia parcial desestimando "la causa de acción contra dichos co-demandados en lo referente a la sociedad de bienes gananciales ...". Adoptó e hizo formar parte de la sentencia parcial los fundamentos expuestos en la moción de desestimación. El 25 de septiembre el tribunal enmendó *nunc pro tunc* la sentencia parcial "para aclarar que la causa de acción des-

---

[1] También alegó que no advino al conocimiento de que podía reclamar lucro cesante hasta el 22 de marzo de 1989 cuando, al ser evaluados los codemandantes por el doctor Grovas Badrena, "por primera vez se enteraron de que habían quedado con un impedimento que resultaría en una merma en su capacidad para generar ingresos".

Tanto los demandantes como las codemandadas Alberic Colón Auto Sales, Inc. y Professional Underwriters Insurance Co. presentaron varias mociones relacionadas con la solicitud de desestimación por prescripción.

estimada [era] la de lucro cesante reclamada por la sociedad de bienes gananciales ...".

No conforme con esta determinación, los demandantes presentaron recurso de revisión planteando la comisión de dos (2) errores: que el tribunal erró al "negarse a determinar que los demandados recurridos renunciaron a la defensa de prescripción" y al determinar que la alegación de lucro cesante estaba prescrita.

El 16 de noviembre de 1990 ordenamos a las codemandadas recurridas comparecer y mostrar causa por la cual no deberíamos expedir y revocar la sentencia parcial. Las codemandadas recurridas han comparecido, procede resolver según lo intimado.

I

*La retroactividad de las enmiendas a las alegaciones*

■ En lo pertinente a la retroactividad de las enmiendas a la demanda, la Regla 13.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone lo siguiente:

Siempre que la reclamación o defensa expuesta en la alegación enmendada surgiere de la conducta, acto, omisión o evento expuesto en la alegación original, las enmiendas se retrotraerán a la fecha de la alegación original ...

■ De otra parte, con relación a una reclamación hecha a un demandado de nombre desconocido, la Regla 15.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, provee lo siguiente:

Cuando un demandante ignore el verdadero nombre de un demandado, deberá hacer constar este hecho en la demanda, exponiendo la reclamación específica que alega tener contra dicho demandado. En tal caso, el demandante podrá designar a dicho demandado en cualquier alegación o procedimiento con un nombre ficticio y al descubrirse el verdadero nombre, hará con toda prontitud la enmienda correspondiente en la alegación o procedimiento.

A tenor con lo dispuesto en la Regla 6.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, la demanda contendrá "una relación sucinta y sencilla de la reclamación demostrativa de que el peticionario tiene derecho a un remedio ...". Basta con que las alegaciones bosquejen a grandes rasgos, cuáles son las reclamaciones, de forma tal que la parte demandada quede notificada de la naturaleza general de las contenciones en su contra y pueda comparecer a defenderse si así lo desea. Véanse: *Moa v. E.L.A.*, 100 D.P.R. 573, 586 (1972); *Sierra v. Tribunal Superior*, 81 D.P.R. 554, 560 (1959). Hemos resuelto que la súplica no forma parte de la demanda, aunque sirve para interpretarla y que las alegaciones hay que interpretarlas las unas con las otras con el propósito de hacer justicia sustancial. Véanse: *Rivera v. Otero de Jové*, 99 D.P.R. 189, 194 (1970); *Moa v. E.L.A.*, supra, pág. 586. Después de todo, el tribunal determinará la existencia de una causa de acción y concederá "el remedio que proceda de acuerdo con las alegaciones y la prueba," no de acuerdo con la súplica. Regla 70 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Véanse: *Negrón Rivera y Bonilla, Ex parte*, 120 D.P.R. 61, 72 (1987); *Granados v. Rodríguez Estrada I*, 124 D.P.R. I (1989); *Soc. de Gananciales v. Soc. de Gananciales*, 104 D.P.R. 50 (1975); J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña*: *Procedimiento Civil*, San Juan, Pubs. J.T.S., 1984, Vol. II, Cap. III, pág. 67. Lo importante es que a la luz de las alegaciones de la demanda los demandados estén razonablemente prevenidos de lo que los demandantes intentan reclamar.

Sin embargo, las propias Reglas de Procedimiento Civil indican que ciertas materias hay que alegarlas específicamente y, de no hacerlo así, éstas se entenderán renunciadas. Los daños especiales, tales como el lucro cesante, hay que alegarlos específicamente. Regla 7.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III; *Díaz v. Marshak Auto Dist., Inc.*, 95 D.P.R. 690, 702 (1968); Cuevas Segarra,

*op. cit.*, págs. 53–54. El lucro cesante lo constituyen los ingresos dejados de percibir, por lo tanto es una pérdida para la sociedad de bienes gananciales y es a ésta a quien le corresponde reclamarlos. *Franco v. Mayagüez Building, Inc.*, 108 D.P.R. 192 (1978).

De otra parte, la Regla 15.4 de Procedimiento Civil, *supra*, permite que se pueda demandar a una persona cuyo nombre se desconoce designándolo en la demanda con un nombre ficticio. Tan pronto se conozca su nombre verdadero se enmendará la demanda incluyendo a dicho demandado de nombre desconocido con su nombre verdadero. Luego se procederá a emplazarlo. Las alegaciones con respecto al demandado así incluido se retrotraerán al momento de la presentación de la demanda original. Lo importante en acciones *in personam*, como la presente, es que para "responsabilizar a las compañías [de seguros] designadas con nombres ficticios, se les incluya en la demanda con su nombre correcto y se les notifique ésta ... con tiempo suficiente para que puedan comparecer y defenderse". *Núñez González v. Jiménez Miranda*, 122 D.P.R. 134, 142 (1988).

Con relación a enmiendas a la demanda, la Regla 13.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, nos indica que una vez notificada una alegación respondiente, la demanda se podrá enmendar únicamente con permiso del tribunal o mediante consentimiento por escrito de la parte contraria. El tribunal deberá conceder el permiso para enmendar liberalmente, aun en etapas avanzadas de los procedimientos. Véanse: *Granados v. Rodríguez Estrada I*, supra; *Pérez Cruz v. Hosp. La Concepción*, 115 D.P.R. 721, 737 esc. 4 (1984). En *Epifanio Vidal, Inc. v. Suro*, 103 D.P.R. 793, 796 (1975), señalamos que esta liberalidad "está condicionada por un juicioso ejercicio de discreción que ha de ponderar por el momento en que se solicitan, su impacto en la pronta adjudicación de la cuestión litigiosa, la razón o ausencia de ella para la demora e in-

acción original del promovente de la enmienda, el perjuicio que la misma causaría a la otra parte y hasta la naturaleza y méritos intrínsecos de la [reclamación] que tardíamente se plantea". Véase, también, *Torres Cruz v. Municipio de San Juan*, 103 D.P.R. 217 (1975). La conferencia preliminar al juicio, cuyo propósito es simplificar los procedimientos, ofrece la oportunidad para que se sometan al tribunal posibles enmiendas a las alegaciones antes de la vista en su fondo. Véanse: Regla 37.1(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III; *Ramírez de Arellano v. Srio. de Hacienda*, 85 D.P.R. 823 (1962).

Ahora bien, a tenor con lo dispuesto en la Regla 13.3 de Procedimiento Civil, *supra*, una vez las enmiendas a las alegaciones son permitidas por el tribunal, si éstas surgen "de la conducta, acto, omisión o evento expuesto en la alegación original ... se retrotraerán a la fecha de la alegación original". Íd. Las enmiendas pueden ampliar una de las causas de acción alegadas en la demanda original o pueden añadir una o más causas de acción.(²) Lo importante para que se retrotraiga la enmienda al momento de la presentación de la demanda original es que ésta surja de "la conducta, acto, omisión o evento expuesto en la alegación original ...". Íd. Por lo tanto, si la demanda original se presentó en tiempo, las enmiendas también estarán en tiempo; no surgirá, pues, problema alguno de prescripción, no importa cuándo se hayan presentado las enmiendas.

Cabe señalar, sin embargo, que si con la enmienda se intenta añadir un nuevo demandante o demandado, el momento para determinar el término prescriptivo es

---

(²) Con relación a lo que constituye una causa de acción, y dentro del contexto de la defensa de cosa juzgada, en *Ramos González v. Félix Medina*, 121 D.P.R. 312, 331 (1988), expresamos:

"Puede existir una sola causa de acción aunque ambos pleitos se invoquen bajo leyes diferentes. Lo importante no es la ley en que se funda la reclamación, sino la causa o razón para reclamar, es decir, el asunto planteado." Véase, también, *Díaz Maldonado v. Lacot*, 123 D.P.R. 261 (1989).

cuando se incluye el nuevo demandante o demandado por primera vez en la demanda, con excepción, claro está, de lo dispuesto por la Regla 15.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III; Reglas 13.3 y 15.4 de Procedimiento Civil, *supra; Figueroa Díaz v. Escobales*, 101 D.P.R. 173 (1973); *Bithorn v. Santana*, 68 D.P.R. 300 (1948); *Ortiz v. Gobierno Municipal de Ponce*, 94 D.P.R. 472 (1967); *Márquez v. Tribl. Superior*, 85 .D.P.R. 559 (1962), y de la situación en que haya solidaridad entre el demandante o demandado ya incluidos en la demanda y el nuevo, *Arroyo v. Hospital La Concepción*, 130 D.P.R. 596 (1992); *García v. Gobierno de la Capital*, 72 D.P.R. 138 (1951).

## II

*Aplicación de las normas procesales*

En el caso de autos la demanda original se presentó apenas tres (3) meses después de acaecido el accidente. Estaba dentro del término prescriptivo de un (1) año que dispone el Art. 1868 del Código Civil, 31 L.P.R.A. sec. 5298, para las reclamaciones de daños y perjuicios *ex delicto*. En la demanda se incluyeron como demandantes a los esposos Ortiz Díaz y Cacho Galarza y a la sociedad de bienes gananciales compuesta por ambos, y como demandados a R. & R. Motors, a Alberic y a las compañías de seguros de ambos de nombres desconocidos y designadas con los nombres ficticios Compañías de Seguros "X" y "Z". Oportunamente se enmendó la demanda para sustituir a las compañías de seguros incluyéndolas con su verdadero nombre, la Professional. A tenor con las normas procesales previamente esbozadas, esta enmienda se retrotrajo al momento de la presentación de la demanda original.

Así las cosas, en el Informe de la Conferencia Preliminar al Juicio aprobado por el tribunal de instancia, se enmendó la demanda para ampliar la causa de acción ale-

gada, de forma tal que ésta incluyese como daño especial para la sociedad de bienes gananciales el lucro cesante. Surgiendo este daño especial de la misma conducta, acto o evento expuesto en la demanda original, una vez permitida la enmienda por el tribunal al aprobar el Informe de Conferencia Preliminar entre Abogados, a tenor con lo dispuesto en la Regla 13.3 de Procedimiento Civil, *supra*, la enmienda se retrotrajo automáticamente al momento de la presentación de la demanda original. Si la demanda original se presentó en tiempo, la enmienda incluyendo el lucro cesante como daño especial también estaba en tiempo. No procedía la desestimación de la reclamación por lucro cesante.

Por todo lo antes expuesto, *procede que se expida el auto de revisión solicitado y se dicte sentencia revocando la emitida por el Tribunal Superior, Sala de Bayamón, el 11 de septiembre de 1990, y devolviendo el caso al foro de instancia para que continúen los procedimientos de forma consistente con esta opinión.*

Los Jueces Asociados Señores Negrón García y Rebollo López emitieron opiniones concurrentes por escrito. El Juez Asociado Señor Fuster Berlingeri concurrió sin opinión escrita.

— O —

Opinión concurrente del Juez Asociado Señor Negrón García.

El 19 de noviembre de 1986, Víctor M. Ortiz Díaz y su esposa Zilma E. Cacho Galarza estuvieron involucrados en un accidente automovilístico. El 29 de junio de 1987, a nombre propio y de su sociedad legal de gananciales, presentaron una demanda en el Tribunal Superior, Sala de Bayamón, contra R. & R. Motors Sales Corp. (en adelante R. & R. Motors) y Alberic Colón Auto Sales (en adelante

Alberic Colón). Por desconocer sus nombres, incluyeron como aseguradoras de dichos demandados a "X" y "Z". Reclamaron doscientos mil dólares ($200,000) por daños y perjuicios físicos y mentales.

El 16 de septiembre de 1987, R. & R. Motors contestó y negó responsabilidad. Entre sus defensas afirmativas alegó la prescripción. El 1ro de octubre Alberic Colón contestó, y, aunque también rechazó responsabilidad, *no* adujo la defensa de prescripción.

Posteriormente, el 15 de marzo de 1988 se formuló una demanda enmendada y se incluyó como codemandada a la Professional Underwriters Insurance Co. (en adelante Professional Underwriters), aseguradora de *Alberic Colón*. En su contestación de 4 de octubre de 1988, Professional Underwriters *interpuso* la defensa de prescripción.

El 21 de agosto de 1989 se presentó en el tribunal un Informe de Conferencia Preliminar entre Abogados (en adelante Informe). Allí los demandantes enmendaron la demanda "a los efectos de alegar que la Sociedad de Gananciales ... ha resultado con una pérdida de $200,000.00 por concepto de lucro cesante ...". Apéndice a solicitud, pág. 13. Frente a esta enmienda, la parte demandada procedió a "negar *todas* las enmiendas presentadas por la parte demandante". Íd. El tribunal aprobó el Informe.

El 14 de mayo de 1990, Alberic Colón y Professional Underwriters solicitaron la desestimación de la reclamación por lucro cesante por el fundamento de que estaba prescrita. Después de varios incidentes, finalmente, el 11 de septiembre de 1990 el tribunal de instancia (Hon. Juan J. Ríos Martínez, Juez) accedió y dictó sentencia sumaria parcial desestimatoria. Mediante orden para mostrar causa, acordamos revisar.

*Concurrimos* en que la reclamación de lucro cesante *no está prescrita*.

## I

No cuestionamos que al amparo de la Regla 6.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, toda "materia constitutiva de excusa o de defensa afirmativa" —incluso la prescripción— debe ser oportuna y afirmativamente formulada mediante alegación responsiva; de lo contrario se renuncia. *Odriozola v. S. Cosmetic Dist. Corp.*, 116 D.P.R. 485, 506 (1985).

En el caso de autos, R. & R. Motors y Professional Underwriters adujeron la defensa de prescripción en sus respectivas contestaciones. Después, ante la reclamación por lucro cesante alegada en el Informe, éstos negaron *"todas las enmiendas"*. La *informalidad* del trámite es evidente. No se exigió a los demandantes la presentación de un documento nuevo de "demanda" en que incorporaran todas las alegaciones; tampoco se les requirió a los demandados en cuanto a su "contestación". La negativa de éstos, contestada de ese modo, tuvo un solo efecto procesal: reproducir, entre otras, la defensa de prescripción originalmente esgrimida. A juicio nuestro, no era necesario que en el Informe se consignaran por escrito otra vez *todas* las defensas previamente expuestas. Repetimos, si para enmendar las alegaciones se siguió ese trámite, sin el requisito de una *nueva* demanda mediante documento separado, no vemos por qué exigírselo a los demandados.

## II

Lo expuesto no dispone del caso. La defensa de prescripción, aunque interpuesta, no procedía en derecho. *Franco v. Mayagüez Building, Inc.*, 108 D.P.R. 192, 195 (1978), acogido por la ilustrada sala sentenciadora, es inaplicable. Allí, distinto al que nos ocupa, antes de la enmienda en la que se reclamaba lucro cesante, no había comparecido la sociedad de gananciales, verdadera parte perjudicada.

El lucro cesante es una partida de daños *especial* que debe alegarse específicamente en la demanda. Este requisito es para evitar sorpresas, promover una adecuada preparación, e informar al tribunal sobre el contenido de *toda* la reclamación. Como daño especial es susceptible de ser posteriormente añadido mediante enmienda. Aquí lo autorizó el tribunal. Si a ello unimos el consentimiento escrito de los demandados, y que se trata de una partida que surgió del mismo evento a causa de la acción original, es ineludible la conclusión de que sus efectos se retrotrajeron a la fecha de la demanda original. Reglas 13.1 y 13.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

— o —

Opinión concurrente emitida por el Juez Asociado Señor Rebollo López.

Independientemente de lo resuelto por la mayoría de los integrantes del Tribunal en la Opinión hoy emitida —a los efectos de que enmiendas realizadas a la demanda original se retrotraen a la fecha de la radicación de la misma siempre que dichas enmiendas surjan "de la conducta, acto, omisión u evento expuesto en la alegación original", lo cual, después de todo, es lo que textualmente expresa la Regla 13.3 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III)(1)— el recurso ante nuestra consideración nos permite expresarnos sobre *la obligación de una parte de levantar u*

---

(1) La citada disposición reglamentaria establece:

*"Siempre que la reclamación ... expuesta en la alegación enmendada surgiere de la conducta, acto, omisión o evento expuesto en la alegación original, las enmiendas se retrotraerán a la fecha de la alegación original.* Una enmienda para sustituir la parte contra la cual se reclama se retrotraerá a la fecha de la alegación original si, en adición a cumplirse con el requisito anterior, y dentro del término prescriptivo, la parte que se trae mediante enmienda (1) tuvo conocimiento de la causa de acción pendiente, de tal suerte que no resulta impedido de defenderse en los méritos, y (2) de no haber sido por un error en cuanto a la identidad del verdadero responsable, la acción se hubiera instituido originalmente en su contra." (Énfasis suplido.) Regla 13.3 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III).

*oponer las defensas afirmativas*, a las que se refiere la *Regla 6.3* de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III), ante *enmiendas a las alegaciones* realizadas por la parte contraria *en la etapa de la conferencia preliminar al juicio* que regula la Regla 37 de Procedimiento Civil y, las consecuencias legales de que esa parte así no las levante.

I

Con motivo de un accidente de automóviles que ocurriera el día *30 de marzo de 1987*, el matrimonio compuesto por Víctor M. Ortiz Díaz y Zilma E. Cacho Galarza, y la sociedad legal de gananciales compuesta por éstos, radicaron el *2 de junio de 1987* una demanda de daños y perjuicios contra los codemandados recurridos R. & R. Motors Sales Corp., Alberic Colón Auto Sales, Inc., y las respectivas compañías aseguradoras de ambos codemandados, ante el Tribunal Superior de Puerto Rico, Sala de Bayamón. Se alegó en dicha demanda, en lo pertinente, que como consecuencia de unos desperfectos —reportados por ellos a dichas codemandadas y no corregidos adecuadamente por éstas— que tenía el vehículo de motor que ellos le habían comprado a dichas codemandadas habían sufrido un accidente en el cual ambos sufrieron daños, *tanto físicos como mentales*, los cuales valoraron en la suma global de doscientos mil dólares ($200,000).

Luego de contestada la demanda por las referidas codemandadas, el tribunal de instancia señaló la "Conferencia Preliminar al Juicio" que establece la mencionada Regla 37 de Procedimiento Civil de 1979, ante. En cumplimiento de lo dispuesto por la Regla 37.2 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III), los abogados de las partes se reunieron entre sí, *el 21 de agosto de 1989*, y procedieron a preparar, redactar, y suscribir un "proyecto de orden", o informe, de "conferencia preliminar entre abogados". En el mismo, y en el apartado de dicho informe correspondiente

a "enmiendas a las alegaciones", la parte demandante informó o adicionó cuatro (4) enmiendas a su demanda. En adición a "individualizar y aumentar" la suma de dinero reclamada por concepto de los daños y perjuicios, físicos y mentales, alegadamente sufridos —doscientos mil dólares ($200,000) para el codemandante Ortiz Díaz y trescientos mil dólares ($300,000) para la codemadante Cacho Galarza— la "parte demandante" reclamó, por primera vez, la suma de doscientos mil dólares ($200,000) "por *concepto de lucro cesante* debido a la merma en la capacidad de trabajo de los demandantes". (Énfasis suplido.) Apéndice a solicitud, pág. 13. Procede que se enfatice el hecho de que en relación con dicha *nueva* causa de acción la parte demandada *únicamente* hizo constar en el referido informe lo siguiente: "Para negar todas las enmiendas presentadas por la parte demandante." Apéndice a solicitud, pág. 13.

La "Conferencia Preliminar al Juicio" fue celebrada ante el tribunal de instancia el día *21 de agosto de 1989*. Conforme surge de la "minuta" que recoge los procedimientos acaecidos, el tribunal de instancia *aprobó* el mencionado informe en dicho día como el acta de conferencia con antelación al juicio. Mediante moción de fecha *14 de mayo de 1990*, la parte demandada solicitó la desestimación, *por razón de prescripción*, de la causa de acción sobre lucro cesante.

No obstante la oposición de la parte demandante —la cual planteó que dicha defensa de prescripción había sido "renunciada" por la parte demandada— el tribunal de instancia dictó sentencia sumaria parcial final mediante la cual desestimó la causa de acción referente al lucro cesante reclamado por alegadamente estar prescrita la misma. Inconforme, acudió en tiempo la parte demandante ante este Tribunal imputándole error al foro de instancia al así resolver.[2] Mediante Resolución de fecha 16 de noviembre

---

[2] Señalamiento de errores:

de 1990, le concedimos término a la parte demandada recurrida para

> ... mostrar causa por la cual este Tribunal no deba expedir el auto solicitado y dictar sentencia revocatoria de la sentencia emitida el día 11 de septiembre de 1990 —modificada según resolución nun pro tunc del 25 de septiembre de 1990— por el Tribunal Superior de Puerto Rico, Sala de Bayamón.

Dicha parte compareció en cumplimiento de la orden de mostrar causa emitida. Siguiendo, *al pie de la letra*, lo establecido por la citada Regla 13.3 de Procedimiento Civil de 1979 —a los efectos de que, si la reclamación expuesta en la alegación enmendada surge de la conducta, acto, omisión a evento expuesto en la alegación original, la enmienda realizada se retrotrae a la fecha de la radicación de la demanda— la mayoría del Tribunal resuelve que la reclamación enmendada, sobre lucro cesante, hecha por la parte demandante no está prescrita.

Por nuestra parte, exploramos una dimensión distinta —en nuestra opinión, un tanto más interesante y menos mecánica— de la situación jurídica que plantea el recurso ante nuestra consideración, esto es, la interacción de las disposiciones de la Regla 6.3 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III), y la Regla 37 de Procedimiento Civil de 1979, ante.

## II

La citada Regla 6.3 de Procedimiento Civil de 1979 establece:

"Primero:

"Erró la Honorable Sala sentenciadora al negarse a determinar que los demandados recurridos renunciaron a la defensa de prescripción contra la reclamación de lucro cesante de la Sociedad de Gananciales recurrente.
"Segundo:

"Erró el Honorable Tribunal a quo al determinar que la alegación enmendada para incluir lucro cesante estaba prescrita." (Énfasis suprimido.) Solicitud, pág. 3.

### 6.3. Defensas afirmativas

Al responder a una alegación precedente, *las siguientes defensas deberán expresarse afirmativamente*: transacción, aceptación como finiquito, laudo y adjudicación, asunción de riesgo, negligencia, exoneración por quiebra, coacción, impedimento, falta de causa, fraude, ilegalidad, falta de diligencia, autorización, pago, exoneración, cosa juzgada, *prescripción adquisitiva o extintiva*, renuncia y cualquier otra materia constitutiva de excusa o de defensa afirmativa. Cuando la parte denomine equivocadamente una defensa como una reconvención, o una reconvención como una defensa, el tribunal, si así fuere de justicia y bajo los términos que estime apropiados, considerará la alegación como si hubiere sido correctamente denominada. (Énfasis suplido.)

En relación con las "defensas afirmativas" enumeradas en la transcrita Regla 6.3, reiteradamente hemos resuelto que las mismas *se entienden renunciadas si no son oportunamente levantadas*; esto es, dichas defensas tienen que ser opuestas en la *primera alegación responsiva* de la parte a quien pueden favorecer las mismas. Véanse: Regla 6.3 de Procedimiento Civil de 1979, ante, y Regla 6.4 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III); *Olmeda Nazario v. Sueiro Jiménez*, 123 D.P.R. 294 (1989); *Odriozola v. S. Cosmetic Dist. Corp.*, 116 D.P.R. 485, 506 (1985); *Ramos v. Trans Oceanic Ins. Co.*, 103 D.P.R. 298, 300 (1975). Por otro lado, es doctrina firmemente establecida que dichas defensas *tienen que ser alegadas en forma expresa y específica*; esto es, *no* le es permitido a una parte oponer con éxito una defensa afirmativa específica en la etapa posterior del proceso cuando dicha parte, en su primera alegación responsiva en el caso, lo que hizo constar fue *meramente* una negativa general en cuanto a las alegaciones de la parte contraria. Véanse: 5 *Wright and Miller, Federal Practice and Procedure: Civil 2d* Sec. 1278, págs. 477–489 (1990); A.M. Dobie, *The Federal Rules of Civil Procedure*, 25 Va. L. Rev. 261, 266 (1939).

## III

En el presente caso, como hemos visto, al radicar la demanda originalmente, la "parte demandante" *no* reclamó suma alguna de dinero por concepto de lucro cesante. Como certeramente expresáramos en *Franco v. Mayagüez Building, Inc.*, 108 D.P.R. 192, 195 (1978), el "lucro cesante es una pérdida de naturaleza económica que se traduce en daños. No se concede indemnización por este concepto para restituir o sustituir la integridad física de la persona. Sustituye ingresos provenientes del trabajo". Dados los hechos particulares del presente caso, la partida que por concepto de lucro cesante podía ser reclamada constituía una pérdida para la codemandante sociedad legal de gananciales, compuesta la misma por los codemandantes Ortiz Díaz y Cacho Galarza; la cual sociedad —entidad distinta y separada de los cónyuges que la componen— era quien podía y tenía que reclamarla.

Para incorporar dicha causa de acción a la reclamación por ella originalmente radicada, la "parte demandante" *tenía ante sí dos (2) opciones o vías procesales*: (1) radicar una demanda enmendada, en cuya situación, no hay duda, la parte demandada venía en la obligación de levantar, en la contestación que relativa a dicha demanda enmendada venía obligada a radicar, todas las defensas que nuestro ordenamiento, en general, y las Reglas de Procedimiento Civil, en particular, le conceden y requieren que levante; y/o (2) enmendar sus alegaciones a esos fines en la etapa de la conferencia con antelación al juicio. Optó por la segunda de dichas opciones. A esos efectos, expresa y específicamente, la parte demandante incorporó, como enmienda a sus alegaciones, la reclamación sobre lucro cesante; reclamó, en relación con dicha partida, la suma de doscientos mil dólares ($200,000). Ante dicha acción, *la parte demandada venía en la obligación de plasmar por escrito, allí y entonces, todas las defensas afirmativas que, en su opinión*

*y en relación a dichas enmiendas, entendía eran procedentes y pertinentes en derecho oponer.*

Como hemos visto, la parte demandada se limitó a "negar todas las enmiendas presentadas por la parte demandante" (Apéndice, pág. 13), lo cual no es suficiente en derecho. Su actuación en ese momento, a todos los fines legales, constituyó su "primera alegación responsiva" ante la nueva causa de acción sobre lucro cesante de la parte demandante. En la misma, la parte demandada no levantó —oportuna y específicamente y como era su deber en cumplimiento de la obligación que le imponen las Reglas de Procedimiento Civil— la defensa afirmativa de prescripción. Renunció, en consecuencia, a la misma; ello, independientemente del hecho de que la enmienda realizada en el presente caso —debido a su naturaleza específica y por mandato expreso de la referida Regla 13.3— se entienda retrotraída a la fecha de la radicación de la demanda original.

## IV

En resumen, en el caso hoy ante nuestra consideración, la omisión en que incurrió la parte demandada —al no levantar específicamente, en la conferencia con antelación al juicio, la defensa de prescripción— constituye un *fundamento adicional* para derrotar la contención de la parte demandada en el presente caso a los efectos de que la enmienda en reclamación del lucro cesante no está prescrita.

Ello cobra gran importancia cuando se trata de enmiendas a las que no le son de aplicación las disposiciones de la citada Regla 13.3. La profesión debe estar consciente del hecho, por lo menos en cuanto al Juez suscribiente concierne, de que en relación con dichas enmiendas, *realizadas a nivel de la conferencia con antelación al juicio*, las partes demandadas vienen en la obligación de plantear, en

dicha etapa y en forma específica, todas y cada una de las defensas afirmativas que enumera la Regla 6.3 de Procedimiento Civil, ante.