OSVALDO ALSINA, demandante y recurrido, *v.* NATIONAL MEDICAL CARE, INC. y BIO MEDIAL APPLICATIONS, demandados y recurrentes.

*Número:* CE-94-194          *Resuelto:* 30 de junio de 1995

*Guillermo J. Ramos Luiña,* de *Rivera Tulla & Ferrer,* abogado de los recurrentes; *Godwin Aldarondo Girald,* abogado del recurrido.

## SENTENCIA

El demandante recurrido, Osvaldo Alsina, trabajaba como Técnico Regional para Bio Medical Applications–National Medical Care, Inc.[1] cuando fue despedido el 21 de noviembre de 1991. Alegando que su despido fue ilegal por tratarse de discriminación por razón de su edad (cuarenta y tres (43) años para esa fecha), demandó a su antiguo

---

[1] No emana con claridad del expediente la relación corporativa entre National Medical Care, Inc. y Bio Medical Applications, o si se trata —como parece darse a entender— de un sólo demandado.

patrono en julio de 1993 en el Tribunal Superior[2] y solicitó el pago de los daños y angustias mentales sufridas, la penalidad impuesta por la ley y la paga dejada de devengar retroactiva y prospectivamente hasta los setenta (70) años de edad. El demandante no incluyó a su esposa o a la sociedad legal de gananciales como parte.

En la demanda Alsina alegó que el patrono violó las leyes federales y estatales que prohíben el discrimen por razón de edad en el empleo. La ley pertinente en Puerto Rico es la Ley para Proteger a los Empleados y Aspirantes a Empleo contra Discrimen de los Patronos o de Organizaciones Obreras por Razón de Edad, Raza, Color, Sexo, Origen Social o Nacional, Condición Social e Ideas Políticas o Religiosas, Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 L.P.R.A. sec. 146 *et seq.*

La parte demandada, aquí recurrente, Bio Medical Applications–National Medical Care, Inc. (en adelante Bio Medical) solicitó una sentencia sumaria parcial del Tribunal Superior, Sala de San Juan (Hon. Antonio L. Corretjer Piquer, Juez), para eliminar la reclamación por los salarios dejados de devengar. En la moción, Bio Medical planteó que dicha reclamación era ganancial y que, tras un (1) año de los hechos, la sociedad de gananciales aún no había reclamado los sueldos. Añadió que al demandar, Alsina no interrumpió el término prescriptivo para reclamar el lucro cesante porque no tenía legitimación activa para solicitar por cuenta propia las partidas que correspondían a su sociedad de gananciales. Solicitó del tribunal de instancia que desestimase con perjuicio dicha reclamación porque había prescrito. El Tribunal Superior rechazó el planteamiento, y sostuvo que bajo la citada Ley Núm. 100 solamente el empleado despedido tiene la causa de acción para

---

[2] La demanda fue presentada por el demandante luego de éste haber presentado unas querellas en el Departamento del Trabajo del Estado Libre Asociado y en el Equal Employment Opportunity Commission. El Departamento del Trabajo notificó mediante carta una autorización a Alsina para proceder con la demanda contra el patrono el 26 de octubre de 1992.

reclamar al patrono y exigir de él la compensación correspondiente. Alsina, por lo tanto, actuó correctamente al demandar por cuenta propia porque su reclamación, por ser la única permitida bajo la Ley Núm. 100, *supra*, interrumpió oportunamente el término para solicitar el lucro cesante. En reconsideración, el tribunal reiteró su determinación.

Los recurrentes presentaron ante este Foro una petición de *certiorari*, que expedimos. Habiendo comparecido ambas partes, nos encontramos en posición de resolver y así lo hacemos.

## I

En el caso de autos se nos plantea si se requiere la comparecencia de la sociedad de bienes gananciales y/o de ambos cónyuges para reclamar el lucro cesante bajo una causal surgida al amparo de la citada Ley Núm. 100 o si, por el contrario, basta la reclamación hecha por el obrero despedido.

La sociedad legal de gananciales es la beneficiaria de todos los bienes obtenidos por la industria, sueldo o trabajo de los cónyuges o de cualquiera de ellos. Art. 1301(2) del Código Civil, 31 L.P.R.A. sec. 3641. Cuando se trata de salarios dejados de devengar, utilizamos el término de "lucro cesante", que no es otra cosa que una representación estimada de estos sueldos. *Franco v. Mayagüez Building, Inc.*, 108 D.P.R. 192, 195 (1978); *Publio Díaz v. E.L.A.*, 106 D.P.R. 854, 868 (1978). El lucro cesante, por lo tanto, corresponde a la sociedad de gananciales. *Maldonado v. Banco Central Corp.* 138 D.P.R. 268 (1995); *Ortiz Díaz v. R. & R. Motors Sales Corp.*, 131 D.P.R. 829 (1992); *Carrero Quiles v. Santiago Feliciano*, 133 D.P.R. 727 (1993); *García v. Montero Saldaña*, 107 D.P.R. 319, 330 (1978).

Entre la compensación que reconoce la Ley Núm. 100, *supra*, se incluyen los ingresos y beneficios que un deman-

dante dejó de recibir; esto es, permite reclamar el lucro cesante que, como hemos dicho, es ganancial. *Maldonado v. Banco Central Corp.*, supra; *Odriozola v. S. Cosmetic Dist. Corp.*, 116 D.P.R. 485, 505–506 (1985). El hecho de que una concesión de dinero por concepto de lucro cesante se obtenga dentro de un pleito fundado en la mencionada Ley Núm. 100 no altera el carácter ganancial de dicha partida. La compensación del empleado soltero es la misma que recibe el empleado casado; su procedencia no depende del estado civil del reclamante ni de su naturaleza ganancial o privativa. *Maldonado v. Banco Central Corp.*, supra. El hecho de que sea ganancial o privativo sólo se manifiesta una vez el empleado reclamante haya recibido el dinero y haya llegado el momento de asignarlo, que en el caso que esté sometida al régimen de gananciales enriquecerá el caudal común de su sociedad conyugal en vez del privativo propio.

Bio Medical alega que la sociedad de gananciales, como beneficiaria del lucro cesante que reclama Alsina, tenía que figurar en cualquier reclamación de dinero con carácter de ganancial, y que al no haber comparecido a reclamar dentro de un (1) año, dejó que el término prescriptivo expirara. Art. 1868(2) del Código Civil, 31 L.P.R.A. sec. 5298. Fundamentándose en el reconocimiento a la personalidad jurídica de la sociedad de gananciales, distinta y separada de la de los dos (2) miembros que la componen,([3]) Bio Medical sostiene que la reclamación que hizo Alsina por cuenta propia no interrumpió el término prescriptivo, y concluye que en las reclamaciones fundadas en la Ley Núm. 100, *supra*, el obrero y su sociedad han de aparecer en la demanda como partes individuales, cada una reclamando lo suyo. Pretende exigir que en toda reclamación

---

([3]) *Universal Funding Corp. v. Registrador*, 133 D.P.R. 549 (1993); *Int'l Charter Mortgage Corp. v. Registrador*, 110 D.P.R. 862, 867–868 (1981); *Rovira Tomás v. Srio. de Hacienda*, 88 D.P.R. 173, 175–176 (1963); *Echevarría v. Despiau*, 72 D.P.R. 472, 475 (1951); *Rivera v. Casiano*, 68 D.P.R. 190, 197 (1948); *Ex Parte García*, 54 D.P.R. 503, 507 (1939).

cuyo remedio pueda tener el efecto de acrecer el patrimonio ganancial, sea la sociedad la única parte legitimada para entablar la demanda.

Los recurrentes no tienen razón. La Ley Núm. 100, *supra*, es un estatuto específico que tiene como único y exclusivo propósito reglamentar las relaciones entre el empleado (o aspirante a empleo) y su patrono en unas circunstancias específicas en que puede surgir una discriminación ilegal. La medida no pretende regular las relaciones entre el patrono y el círculo de allegados del obrero. Como tal, no permite reclamaciones al patrono por parte de terceros, sea el cónyuge de la empleada, sus familiares o la sociedad de gananciales de la que es parte. Debido a que la sociedad de gananciales no tiene acceso a una reclamación bajo la citada Ley Núm. 100, no había otra manera en la que Alsina hubiese podido llevar la demanda. Por dicha razón confirmamos la determinación del tribunal de instancia. Examinemos en detalle la controversia planteada.

## II

El Tribunal Superior denegó la Moción de Sentencia Sumaria Parcial que presentó Bio Medical por entender que la reclamación del lucro cesante fue oportuna, al haberse incluido en la demanda que incoó Alsina. El tribunal de instancia determinó que sólo el empleado tiene una causa de acción bajo la Ley Núm. 100, *supra*, no su cónyuge ni la sociedad de gananciales. Al ser Alsina la única persona a quien la mencionada ley confiere legitimación, su demanda interrumpió el término para todas las reclamaciones, incluyendo la referente al lucro cesante.

El recurrente alega que la sociedad de gananciales es la parte legitimada para reclamar las partidas por lucro cesante bajo la Ley Núm. 100, *supra*, y que dicha interpretación ha recibido el respaldo jurisprudencial. Bio Medical

plantea que el caso de autos debe regirse por la norma de *Franco v. Mayagüez Building, Inc.*, supra, donde impedimos la reclamación por lucro cesante que intentó incoar uno sólo de los cónyuges luego de transcurrido el término prescriptivo. En *Franco v. Mayagüez Building, Inc.*, supra, eliminamos una partida por lucro cesante que había concedido el tribunal de instancia a la demandante, una mujer que cayó por una escalera sin pasamanos. El término para pedir la compensación por esos daños prescribió antes que la víctima y su marido entablasen una reclamación. La demanda hubiese sido desestimada en su totalidad de no haber sido porque la demandante fue compensada por el Fondo del Seguro de Estado (en adelante F.S.E.), lo que extendió el término prescriptivo.

Cuando el F.S.E. compensa a una persona, adquiere el derecho a subrogarse en los derechos de la misma para reclamar una compensación del causante de los daños. El F.S.E. está sujeto a un término máximo de noventa (90) días para ejercer dicha prerrogativa, periodo durante el cual se paraliza el transcurso del término prescriptivo para reclamar. Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 32 *et seq.* Resolvimos en *Franco v. Mayagüez Building, Inc.*, supra, que dicha interrupción del término sólo congela el término prescriptivo para reclamar los daños *personales* del empleado. Se estableció que el término prescriptivo de otras reclamaciones, como el lucro cesante, no se paralizaba durante el plazo de subrogación del F.S.E., por lo que había que incoarlas oportunamente.

Bio Medical sostiene que nuestra opinión en *Franco v. Mayagüez Building, Inc.*, supra, estableció una división entre las reclamaciones gananciales y las personales, que obliga a la sociedad a reclamar para interrumpir el término prescriptivo de toda partida ganancial. No tiene razón. Contrario al caso de autos, los demandantes en *Franco v. Mayagüez Building, Inc.*, supra, nunca reclamaron antes que transcurriera el plazo; ni la mujer que sufrió

la caída ni su esposo reclamaron partida alguna (incluyendo el lucro cesante) dentro del término prescriptivo. La única razón por la cual la demanda siguió su camino fue porque *por legislación especial* se extendió el plazo para reclamar los daños *personales* mientras el F.S.E. determina si se subroga. Como *no* extiende el término de reclamar otras partidas no personales, como las gananciales, los reclamantes han de atenerse al término regular de un (1) año. No significa lo dicho que sólo la sociedad podía reclamar el lucro cesante, sino que alguien legitimado —fuese la mujer, la sociedad o su esposo— tenía que haber reclamado oportunamente. Lo que no podía hacerse, como pretendían los demandantes en el caso antes citado, era reclamar las partidas prescritas, y el lucro cesante que pedían estaba prescrito porque sólo se extendió el término de las reclamaciones personales. Es evidente, pues, que *Franco v. Mayagüez Building, Inc.*, supra, *no* estableció que sólo la sociedad podía reclamar el dinero ganancial, pues cualquiera de los cónyuges pudo haberlo hecho en representación de la sociedad con tal que lo hubiese hecho dentro del término prescriptivo.

Distinto a los hechos en *Franco v. Mayagüez Building, Inc.*, supra, Alsina sí promovió la reclamación por lucro cesante dentro del término prescriptivo. La facultad representativa que confiere el Art. 93 del Código Civil, 31 L.P.R.A. sec. 286, hizo posible que Alsina interrumpiese el término a nombre de la sociedad de gananciales.

Otra diferencia crucial es que en *Franco v. Mayagüez Building, Inc.*, supra, la controversia *no* trataba sobre una reclamación al patrono bajo la citada Ley Núm. 100, sino de una demanda contra un tercero que no tenía relación (de empleo o profesional de tipo alguno) con la perjudicada, su marido o la sociedad que ambos componían. Las demandas amparadas en la Ley Núm. 100, *supra*, toman un curso particular en materia de legitimación de demandantes, por lo que nuestra determinación en *Franco v. Mayagüez Buil-*

*ding, Inc.*, supra —aun si hubiese tenido el efecto sobre la comparecencia forzosa de la sociedad que le atribuye Bio Medical— no dispondría automáticamente del caso de autos.

La Ley Núm. 100, *supra*, es un instrumento específico de protección al obrero o candidato a empleo que adviene víctima de discrimen por parte del patrono. *Santini Rivera v. Serv Air, Inc.*, 137 D.P.R. 1 (1994); *Rodríguez Cruz v. Padilla Ayala*, 125 D.P.R. 486 (1990). Véase D. Fernández y C. Romany, *Derecho Laboral*, Río Piedras, Ed. U.P.R., 1987, T. I, pág. 43. Pertenece al ámbito de las leyes específicas, cuyo fin es atender una situación particular existente en la sociedad. No tiene como propósito proveer remedios a la ciudadanía en general ni proteger a terceros que no intervengan directamente en la relación laboral. Tampoco basta tener vínculos directos con el patrono para tener una causa de acción, pues incluso dentro de esta relación particular la ley sólo opera en determinadas situaciones de discriminación. La citada Ley Núm. 100 "es *exclusivamente* de índole *laboral.* Su objeto estricto es la relación obrero-patronal. Está dirigida a tratar únicamente los derechos de los empleados y ofrecer particular protección a sus intereses. *No tiene, pues, nada que ver con terceros u otras personas que no sean empleados"*. (Énfasis en el original.) *Santini Rivera v. Serv Air, Inc.*, supra, pág. 5.[4] Si bien nuestro ordenamiento permite que terceros demanden por los daños causados por el despido o discrimen injustificado,[5] estas reclamaciones no pueden tramitarse bajo la citada Ley Núm. 100 porque "sólo el empleado [o aspirante a empleo] puede reclamar por discrimen bajo esta legislación". (Énfasis suprimido.) *Maldonado v. Banco*

---

[4] 94 J.T.S. 121. La opinión citada en la publicación *Jurisprudencia del Tribunal Supremo* omitió un segmento de la frase citada en esta opinión.

[5] Sobre reclamaciones de terceros bajo el Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141, véanse, *e.g.*: *Santini Rivera v. Serv Air, Inc.*, 137 D.P.R. 1 (1995); *Maldonado v. Banco Central Corp.*, 138 D.P.R. 268 (1995).

*Central Corp.*, supra, pág. 274. Estos terceros son todos aquellos que no sean la empleada o aspirante al empleo, no importa los vínculos que los unan con la obrera. Debido a que la Ley Núm. 100, *supra*, sólo interesa remediar una situación de discrimen en el empleo y sólo provee remedios para el empleado afectado, ningún tercero tendrá acceso a reclamar del patrono bajo esta ley sin importar el vínculo que tenga con el obrero.

Es evidente, por lo tanto, que el "carácter especial protector" de la citada Ley Núm. 100 no permite la entrada al pleito a nadie que no sea el trabajador o el aspirante a empleo, aun bajo la facultad de representación que sobre cualquiera ·de los cónyuges reconoce el Art. 93 del Código Civil, *supra*. Véase *Maldonado v. Banco Central Corp.*, supra. La comparecencia en la demanda de la sociedad y/o la esposa de Alsina no sólo era innecesaria para interrumpir el término prescriptivo, sino que era imposible bajo la Ley Núm. 100, *supra*.

La reclamación entablada por Alsina fue oportuna. Debido a que era a él a quien le correspondía representar a la sociedad de gananciales, su reclamación por concepto de lucro cesante no prescribió como alega el recurrente.

El tribunal de instancia, por lo tanto, no cometió el error aludido al reconocer que la causa de acción bajo la citada Ley Núm. 100 la ejerce el empleado y no la sociedad de gananciales.

Por los fundamentos antes señalados *se confirma la resolución recurrida.*

Así lo pronunció y manda el Tribunal y certifica el señor Secretario General. La Juez Asociada Señora Naveira de Rodón concurrió y disintió con una opinión escrita. El Juez Asociado Señor Rebollo López no intervino.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

— o —

Opinión concurrente y disidente emitida por la Juez Asociada Señora Naveira de Rodón.

El caso de autos plantea si se requiere la comparecencia de la sociedad de bienes gananciales y/o de ambos cónyuges para reclamar el "lucro cesante" bajo una causal surgida al amparo de la Ley Núm. 100 de 30 junio de 1959, según enmendada, 29 L.P.R.A. sec. 146 y ss. (en adelante Ley 100) o si basta la reclamación presentada por el obrero despedido.

Ciertamente, como indica la sentencia que hoy emite la mayoría del Tribunal, la Ley 100 no permite que una persona que no sea el empleado o el aspirante a empleo reclame la compensación provista por dicha ley, aun bajo la facultad de representación legal y de administración de la sociedad de gananciales dispuesta por el Art. 93 del Código Civil, 31 L.P.R.A. sec. 286. Concurrimos con el señalamiento de la mayoría en cuanto a que la comparecencia de la sociedad de gananciales y/o el cónyuge de un obrero demandante bajo la Ley 100 es innecesaria, más bien imposible, para interrumpir el término prescriptivo y que la causa de acción bajo dicha ley la ejerce el empleado y no la sociedad de gananciales. Sin embargo, diferimos de algunos de los fundamentos utilizados por la mayoría del Tribunal para pronunciarse en este caso.

Primero, el carácter ganancial o privativo de los bienes de un matrimonio contraído bajo el régimen de la sociedad de gananciales está establecido por el Código Civil. Por lo tanto, la *compensación de salarios* de un empleado casado siempre se reputa ganancial. Es incorrecto expresar que el carácter ganancial o privativo sólo se manifiesta una vez el empleado realmente recibe el dinero y lo asigna al caudal de su sociedad conyugal en vez del privativo.

Segundo, como indicamos en nuestras opiniones disidentes en *Martínez Campos v. Banco de Ponce*, 138 D.P.R.

366 (1995), y en *Maldonado v. Banco Central Corp.*, 138 D.P.R. 268 (1995), la indemnización provista por el Art. 1 de la Ley 100, *supra*, 29 L.P.R.A. sec. 146, no es un substituto de sueldo o retribución por servicios.[1] El propósito legislativo fue establecer una medida disuasiva para que los patronos no incurran en actos o prácticas discriminatorias. La ley no tiene como propósito sustituir los ingresos provenientes del trabajo como el lucro cesante. La sociedad de gananciales del empleado discriminado no tiene ningún derecho a éste y carece de capacidad para reclamarla.

Este caso es un ejemplo vivo de nuestras advertencias en los casos *Santini Rivera v. Serv Air, Inc.*, 137 D.P.R. 1 (1994); *Martínez Campos v. Banco de Ponce*, supra, y *Maldonado v. Banco Central Corp.*, supra, en el sentido de que dichas decisiones trastocan el cuidadoso entramado legislativo de la citada Ley 100, así como de otras leyes laborales que disponen unos remedios laborales similares a los que provee dicha ley. Por una parte, el Tribunal sentó el precedente de que el remedio provisto por la Ley 100 sobre salarios dejados de devengar es parte y goza del mismo carácter de ganancialidad que se le ha adjudicado al lucro cesante y, por otra parte, indica que la comparecencia en la demanda de la sociedad o del cónyuge del empleado demandante es imposible bajo la Ley 100.

En fin, a pesar de que la discusión plasmada en la opinión de la mayoría no es la más acertada, confirmaríamos la sentencia del Tribunal de Primera Instancia, Sala de San Juan, que denegó la solicitud de sentencia sumaria de

---

[1] La mayoría expresa que la compensación que se concede al empleado u obrero por la pérdida económica, según los ingresos y beneficios que dejó de percibir, goza del mismo carácter de ganancialidad que se ha adjudicado al lucro cesante.

Por lo tanto, aparentemente, el Tribunal entiende que la compensación que se concede al empleado por la pérdida económica no tiene como objetivo el restituir los *daños* ocasionados al empleado, sino sustituir los ingresos provenientes del trabajo. Quiere decir que dicha partida podría ser tributable, ya que en *Publio Díaz v. E.L.A.*, 106 D.P.R. 854 (1978), dejamos establecido que la indemnización por lucro cesante es un ingreso tributable.

la parte demandada recurrente sobre el fundamento de que en una causa de acción bajo la citada Ley 100 solamente el empleado despedido tiene legitimación para reclamar al patrono y exigir de él la indemnización correspondiente.