Aponte Jiménez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
La demandante-peticionaria, María de los Angeles Gómez, nos solicita que revoquemos una resolución del Tribunal de Primera Instancia, Sala Superior de San Juan, que le denegó una solicitud para enmendar la demanda que presentó ante ese foro contra los demandados-recurridos. Insatisfecha con dicho dictamen, acude ante nos. Imputa al tribunal haber incidido al ignorar el mandato de liberalidad que gobierna la concesión de enmiendas a las alegaciones. Atendido el recurso ante nuestra consideración y a la luz de los fundamentos que a continuación esbozamos, acordamos expedir el auto solicitado y dejar sin efecto la resolución recurrida, excepto lo referente a la reclamación contra el co-demandado Paine Webber Incorporated of Puerto Rico (“Paine Webber”) por difamación.
*1018 Los hechos medulares no están en controversia. El 21 de agosto de 1995, la peticionaria, por sí y en representación de su hijo menor David A. Ramírez Gómez, inició un procedimiento ex parte ante el Tribunal de Primera Instancia sobre sentencia declaratoria para determinar la extensión de los derechos hereditarios de ambos en el caudal relicto de su esposo y padre del menor Hiram David Ramírez Ortiz en base a un testamento que éste otorgó en el Estado de Texas, Estados Unidos de Norteamérica. Según requerido por el foro de instancia, e! 14 de junio de 1996 enmendó la demanda para incluir como demandado a Paine Webber por razón de que dicha casa de corretaje administra tres (3) cuentas alegadamente pertenecientes al causante Ramírez Ortiz. Convertido así el procedimiento en uno contencioso, el 23 de diciembre de 1996, Paine Webber contestó. Negó lo alegado. Señaló que, a su mejor entender, las aludidas cuentas fueron “abiertas” por el señor Hiram Ramírez Campiz, padre del causante Ramírez Ortiz. Solicitó la acumulación de éste como demandado por entender que era parte indispensable en el litigio.
El 2 de abril de 1997, el tribunal de instancia ordenó la acumulación del señor Ramírez Campiz. Luego de ser incluido por la parte peticionaria, éste sometió su contestación a la demanda con fecha de 17 de noviembre de 1997. Negó lo alegado en su contra. Adujo, en particular, que dichas cuentas no formaban parte del caudal hereditario del causante. Así las cosas, dio inicio la etapa de descubrimiento de prueba.
El 13 de noviembre de 1998, el co-demandado Ramírez Campiz solicitó permiso para enmendar su contestación a la demanda y presentar una reconvención sobre cobro de dinero por razón de unos alegados préstamos hechos al causante y/o a la co-demandante María de los Angeles Gómez y no pagados por éstos. Adujo que procedía la enmienda solicitada puesto que el tribunal tenía amplia discreción para permitir enmiendas a las alegaciones aun en etapas avanzadas del procedimiento, el descubrimiento de prueba estaba comenzando y en aras de la economía procesal era favorable y conveniente dilucidar todas las reclamaciones en un mismo pleito. La parte demandante-peticionaria se opuso. El 24 de noviembre de 1998, el foro de instancia notificó su resolución. Autorizó la enmienda solicitada.
El 22 de enero de 1999, la demandante-peticionaria contestó la reconvención. En esa misma fecha solicitó permiso para enmendar la demanda a los efectos de añadir reclamaciones adicionales y nuevas contra Paine Webber por mal manejo de las cuentas pertenecientes al causante y por difamación. Entre otras alegaciones afirmó que a pesar de constarle el fallecimiento del causante, Paine Webber retiró fondos de una de las cuentas, lo que le ha generado una pérdida de intereses. También le imputó que a través de una persona de nombre Eric Snyder, dicha parte hizo manifestaciones falsas y difamatorias en su contra en una deposición tomada en el caso el 28 de abril de 1998.
Referente al co-demandado Ramírez Campiz, adujo que el causante le había encomendado el manejo de sus intereses y que luego de éste haber realizado distintas transacciones con ellos, no ha rendido cuenta final de su gestión. Asimismo, alegó que dicho co-demandado había vivido una casa propiedad del causante en calidad de arrendatario sin haber pagado canon, adeudando la cantidad de $126,000 por ese concepto. Tanto Paine Webber como el señor Ramírez Campiz se opusieron a la enmienda propuesta. La demandante-peticionaria replicó. Ramírez Campiz, a su vez, sometió una duplica. Así las cosas, el foro de instancia emitió el dictamen que es objeto de este recurso. Denegó el permiso para enmendar la demanda.
De dicha determinación, la demandante-recurre oportunamente ante nos. Reproduce los planteamientos elaborados en su réplica a la oposición a la solicitud de enmienda. Señala que siendo norma reiterada el permitir liberalmente las enmiendas a las alegaciones, el foro de instancia abusó de su discreción. Argumenta que un par de meses antes se permitió enmendar la contestación a la demanda del señor Ramírez Campiz para adicionar una reconvención que incluyó reclamaciones de éste en contra suya y del causante por alegados préstamos que no pagaron. Añadió que el descubrimiento de prueba se encontraba en una etapa preliminar.
*1019 El co-demandado Ramírez Campiz levanta ante nos los mismos planteamientos esbozados a nivel del foro de instancia en su oposición a la solicitud de enmienda. Expone, en síntesis, que la solicitud es tardía; que no se adujo razón alguna para la extrema demora, ya que la parte demandante-peticionaria conocía de estas reclamaciones desde antes de iniciar este pleito; que están prescritas estas reclamaciones; y que se le causaría graves perjuicios al tener que incurrir en gastos adicionales y sustanciales para costear más descubrimiento de prueba. Agrega que se perjudicaría por la falta de prueba documental y del desvanecimiento de memoria referente a los hechos de estas reclamaciones que se remontan a más de dos (2) décadas en el pasado. Evaluados los argumentos y planteamientos de las partes, procede expedir el recurso ante nuestra consideración y dejar sin efecto la resolución recurrida, excepto en lo concerniente a la reclamación de difamación contra Paine Webber.
La Regla 13.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 13.1 , contempla que cualquier parte puede enmendar sus alegaciones antes de habérsele notificado una alegación respondiente o dentro de los veinte (20) días de haber notificado una alegación que no admite alegación respondiente si el pleito no ha sido señalado para juicio. De lo contrario, se necesita permiso del tribunal o consentimiento escrito de la parte contraria. Se ha interpretado que esta regla es un precepto reparador que debe interpretarse liberalmente. Neca Mortgage Corp. v. A&W Developers S.E. y otros, 95 J.T.S. 10, pág. 603.
Esta liberalidad “está condicionada por un juicioso ejercicio de discreción que ha de ponderarse por el momento en que se solicitan, su impacto en la pronta adjudicación de la cuestión litigiosa, la razón o ausencia de ella para la demora o inacción original del promovente de la enmienda, el perjuicio que la misma causaría a la otra parte y hasta la naturaleza o méritos intrínsecos de la [reclamación] que tardíamente se plantea”. Ortiz Díaz v R&R Motors Sales, 131 D.P.R. 829 (1992); Epifanio Vidal Inc. v. Suro, 103 D.P.R. 793, 796 (1976).
Se le ha concedido a los tribunales, de esta forma, amplia discreción para permitirlas, aun en etapas avanzadas del procedimiento. Aponte Rivera v. Sears Roebuck de P.R., Inc., 98 J.T.S. 12, nota 3; Cruz Cora v. UCB/Trans Union PR, 95 J.T.S. 12. Por ello, tiene que demostrarse un claro abuso de discreción o un perjuicio manifiesto a la parte contraria para que se revoque la actuación del juez. Neca Mortgage Corp. v. A&W Developers S.E. y otros, supra.
Por otro lado, las enmiendas a las alegaciones pueden ampliar una de las causas de acción alegadas en la demanda original o pueden añadir una o más causas de acción. Ortiz Díaz v. R&R Motors Sales, supra, pág. 10040. A esos fines, se ha señalado que la conferencia con antelación al juicio, cuyo propósito es simplificar los procedimientos, ofrece la oportunidad para que se sometan al tribunal posibles enmiendas a las alegaciones antes de la vista en su fondo. Regla 37.1(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 37.1(b); Ortiz Díaz v. R&R Motors Sales, supra.
Los autos reflejan que las partes todavía se encuentran realizando el descubrimiento de prueba. El mismo no ha culminado. Por ejemplo, falta la toma de deposición del señor Ramírez Campiz. Asimismo, un par de meses antes a la solicitud de enmienda objeto de este recurso el foro de instancia autorizó al señor Ramírez Campiz, precisamente, a someter su reconvención reclamando unos dineros prestados al causante y no pagados. Adicionalmente, no surge del expediente que se haya realizado el descubrimiento de prueba en cuanto a la nueva reclamación del señor Ramírez Campiz. Más aún, no se desprende de los autos que se haya señalado la conferencia con antelación al juicio.
El récord no revela cómo se afectan adversamente los demandados y el presente procedimiento de permitirse las enmiendas solicitadas, ni cómo se perjudica la pronta adjudicación de la cuestión litigiosa. Ciertamente, la enmienda solicitada le permite a la parte demandante-peticionaria establecer todas las causas de acción que pueda tener contra el señor Ramírez Campiz tomando en consideración la reconvención permitida sin tener que *1020 acudir a una acción separada que, de instarse, provocaría su consolidación con ésta. Todo lo anterior abona al mismo argumento que utilizó el señor Ramírez Campiz dos (2) meses antes en apoyo de la reconvención que por vía de enmienda a sus alegaciones se le permitió en el sentido de que resulta favorable y conveniente dilucidar todas las reclamaciones que tengan las partes en un mismo pleito sin necesidad de incoar uno separado estando el descubrimiento de prueba “en sus inicios”. Ibid., “Moción Solicitando Autorización Para Radicar Contestación Enmendada y Reconvención” presentada por el señor Ramírez Campiz el 13 de noviembre de 1998.
En cuanto a Paine Webber, una de las enmiendas solicitadas está relacionada con el alegado mal manejo de dicha casa de corretaje en las cuentas cuyo derecho está en controversia. En su escrito en oposición presentado ante el foro de instancia, su objeción se basó en que las alegaciones en su contra son frívolas y ficticias traídas como un mecanismo para evitar que se desestime la demanda. Añadió que la verdadera controversia es entre la parte demandante y el co-demandado Ramírez Campiz. No surge de dicha comparecencia, el perjuicio, si alguno, que le ocasionaría permitir la enmienda solicitada. Ajuicio nuestro, era adecuado y apropiado, pues, el momento en que se solicitaron las enmiendas objetadas, tomando en consideración las circunstancias atinentes señaladas.
No nos persuade el planteamiento del señor Ramírez Campiz formulado en forma general en cuanto a que la enmienda le ocasionaría un perjuicio indebido. Específicamente, no nos demuestra cómo le perjudica la enmienda. De todos modos y como dicho previamente, el foro de instancia le autorizó la presentación de una reconvención dos (2) meses antes para reclamar préstamos adeudados por el causante y/o la demandante. Ello equipara a los peticionarios en la misma supuesta situación perjudicial alegada, dado que también tendrán que realizar descubrimiento de prueba sobre esas nuevas alegaciones. De otra parte, lo mismo perjudica a la parte demandante el hecho de que las reclamaciones incluidas en la enmienda solicitada se remonten a más de dos (2) décadas en el pasado.
Por último, no procede dilucidar en esta etapa del procedimiento los argumentos de que están prescritas las reclamaciones sobre rendición de cuentas y cobro de cánones de arrendamiento. Sobre esa causa, la parte demandante aduce que el señor Ramírez Campiz reconoció la deuda lo cual podría surgir de los numerosos documentos que tiene pendiente de producir. Véase la petición de certiorari, pág. 6 y apéndice del recurso, pág. 100. En relación con la acción de rendición de cuentas, alega que desde el año 1975 hasta el 1992, el señor Ramírez Campiz actuó como apoderado del causante y nunca le rindió cuentas. Como se sabe, la referida acción tiene un término prescriptivo de quince (15) años. García López v. Méndez García, 102 D.P.R. 383, 395 (1974); Serrano v. Talavera, 65 D.P.R. 438, 440 (1945). Dicho plazo comienza a decursar “desde el día en que cesaron en sus cargos los que debían rendirlas”. Art. 1872 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5302.
Aunque amerita en este momento que nos abstengamos de adelantar cualquier juicio valorativo referente a dicha defensa de prescripción sin contar con los elementos necesarios, no podemos considerar como improcedentes las referidas reclamaciones. Precisa, pues, que el foro de instancia evalúe tal asunto en los méritos a tenor de las alegaciones formuladas por las partes y el derecho aplicable.
Conforme a todo lo antes indicado, concluimos que de acuerdo con la norma de liberalidad que gobierna la concesión de enmiendas a las alegaciones, el permitir la enmienda propuesta era el curso de acción adecuado según las circunstancias de este caso. Tal actuación no dilata irrazonablemente los procedimientos. Tampoco perjudica indebidamente los intereses de las partes, ni la pronta adjudicación de todas las controversias existentes entre las partes en litigio. Por el contrario, se logran consolidar todas las reclamaciones que aducen los demandantes tener como alegado resultado de transacciones vinculadas a las gestiones atribuidas tanto a Paine Webber como a Ramírez Campiz.
Ahora bien, por más que apliquemos la liberalidad exigida para permitir enmiendas a las alegaciones, no la *1021 podemos extender a la reclamación alegada contra Paine Webber por difamación como resultado de lo declarado por un deponente actuando en su representación durante una deposición tomada en el trámite de descubrimiento de prueba del caso. Autorizarlo implica que al atribuirle a una parte que ha mentido en la toma de una deposición durante el trámite de descubrimiento de prueba haciendo imputaciones falsas a la otra parte conlleva permitir enmendar las alegaciones para establecer esa causa de acción. Los pleitos nunca tendrían fin. No podemos acoger esa tesis. No abusó de su discreción el foro de instancia al denegarla.
En concordancia con lo anterior, procede expedir el auto solicitado a los fines de dejar sin efecto la resolución recurrida y permitir las enmiendas solicitadas por la parte demandante excepto la causa de acción contra Paine Webber por difamación. En relación con la misma, se confirma la resolución recurrida que denegó la enmienda solicitada para incluirla.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2000 DTA 63
í. Inicialmente solicitó la desestimación del recurso por el fundamento de que el mismo no se había perfeccionado porque la señora Gómez no notificó al tribunal de instancia dentro de las cuarenta y ocho (48) horas prescritas por nuestro Reglamento. Luego de que la señora Gómez expusiera su posición sobre el particular y que la Secretaría del Tribunal de Primera Instancia nos certificara el momento exacto en que recibió la notificación, el señor Ramírez Campiz retiró su solicitud de desestimación.
2. Transcrita literalmente dispone lo siguiente:

“Cualquier parte podrá enmendar sus alegaciones una vez en cualquier momento antes de habérsele notificado una alegación respondiente, o si su alegación es de las que no admiten alegación respondiente y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. En cualquier otro caso, las partes podrán enmendar su alegación únicamente con permiso del tribunal o mediante consentimiento por escrito de la parte contraria; y el permiso se concederá liberalmente cuando la justicia así lo requiera. Una parte notificará su contestación a una alegación enmendada dentro del tiempo que le restare para contestar la alegación original o dentro de los veinte (20) días de notificársele la alegación enmendada, cualquiera de estos plazos que fuere más largo, a menos que el tribunal de otro modo lo ordenare. ”

3. En Torres Cruz v. Municipio de San Juan, 103 D.P.R. 217, 220 (1975), se adoptó la norma de que para denegar el permiso de enmienda se requiere que su concesión entrañe un perjuicio indebido a la otra parte o que la enmienda sea irrazonablemente tardía, pero que “el ofrecimiento tardío de la enmienda ... no es suficiente de por sí para justificar la denegación del permiso, sino se le ha causado perjuicio a la otra parte”. Véase, nota 1.
4. El Art. 1866(2) de Código Civil de Puerto Rico dispone que las acciones para satisfacer el precio de los arriendos prescribe a los cinco (5) años. 31 L.P.R.A. sec. 5296(2). Alega la parte demandante que el señor Ramírez Campiz habitó desde el año 1975 una residencia propiedad de la sucesión Ramírez Ortiz sin pagar canon o merced alguna.