Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| RAMÓN VALENTÍN Y OTROS **Apelante** V. DOCTOR´S CENTER HOSPITAL SAN JUAN, INC., Y OTROS **Apelado** | KLAN202301094 CONS. KLCE202301382 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan Civil. Núm. SJ2022CV05110 Sobre: DAÑOS Y PERJUICIOS |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

Hernández Sánchez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 14 de febrero de 2024.

El 6 de diciembre de 2023, el Sr. Ramón Valentín (señor Valentín), el Sr. Samuel de Mota, el Sr. Diomedis de Mota Santana, la Sra. María Esther de Mota Santana, y el Sr. Melvín Santana por sí y como miembros de la Sucesión de Victorina Santana (en conjunto, hijos de la señora Santana) y la Sra. Ana Martínez (señora Martínez) (en conjunto, los apelantes), comparecieron ante nos mediante una *Apelación* en el caso núm. KLAN202301094.

Por otro lado, el 7 de diciembre de 2023, el Dr. Fernando Rivera Cruz (doctor Rivera) y Puerto Rico Medical Defense Insurance Company (PRMDIC) comparecieron ante nos mediante un recurso de *Certiorari*[1] en el caso núm. KLCE202301382. En ambos recursos, las partes solicitaron la revisión de una *Sentencia Parcial* que se dictó el 3 de noviembre de 2023 y se notificó el 7 de noviembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). Mediante el aludido dictamen, el TPI desestimó las

---

[1] Acogemos el *certiorari* de epígrafe como una *apelación* por ser el recurso adecuado para la revisión de la determinación recurrida. Sin embargo, para fines administrativos, mantenemos la codificación alfanumérica que la Secretaría de este foro le asignó al caso.

siguientes causas de acción: (1) la acción por daños heredados que instó el señor Valentín y la señora Martínez; (2) la acción por daños especiales y lucro cesante que instó el señor Valentín por sí y en representación de la Sociedad Legal de Gananciales compuesta junto a la Sra. Victorina Santana (señora Santana); y, por último; (3) las causas de acción de los apelantes por sí y como miembros de la sucesión de la señora Santana. Además, denegó la solicitud de desestimación que presentó el doctor Rivera, PRMDIC, The Medical Protective Company y Triple S.

A tenor con la Orden Administrativa Núm. DJ 2019-316, según enmendada por la Orden Administrativa Núm. DJ 2019-316A que emitió la Jueza Presidenta del Tribunal Supremo, la Hon. Maite Oronoz Rodríguez, y a tenor con la Orden Administrativa Núm. TA 2021-092 que emitió el Juez Administrador del Tribunal de Apelaciones, Hon. Roberto Sánchez Ramos, se ordenó la consolidación del caso KLCE202301382, con el de mayor antigüedad, el caso KLAN202301094.

Por los fundamentos que expondremos a continuación, ***confirmamos*** el dictamen recurrido.

I.

**I. KLAN202301094**

El 11 de junio de 2022, los apelantes presentaron una *Demanda* sobre impericia médica y daños y perjuicios contra Doctor's Center Hospital San Juan Inc.; el Dr. Xavier Colón Rivera (doctor Colón), su esposa Fulana de Tal y la Sociedad Legal de Gananciales compuesta por ambos; el doctor Rivera, su esposa Sutana de Tal y la Sociedad Legal de Gananciales compuesta por ambos; el Sindicato de Aseguradores para la Suscripción conjunta de Seguros de Responsabilidad Medico Hospitalaria (SIMED); Puerto Rico Medical Defense; Medpro Group Insurance Company; Continental Insurance Company; Compañía de Seguros XYZ; el Dr.

Jose del Pueblo y Juana del Pueblo y la Sociedad Legal de Gananciales compuesta por ambos; la Dra. Juanita de la Plaza y Perencejo y la Sociedad Legal de Gananciales compuesta por ambos; Fulano de Tal y Sutano más Cual; Entidades XYZ; y, por último, Corporaciones XYZ (en conjunto, los demandados).[2]

En esta *Demanda*, los apelantes alegaron que el 25 de abril de 2020, la señora Santana acudió a la sala de emergencias del Hospital Doctor's Center de San Juan para recibir atención médica por dolor abdominal asociado con náuseas, vómitos y tres (3) semanas de evolución. Indicaron que luego de que esta última fue evaluada mediante varios estudios, le diagnosticaron coledocolitiasis (presencia de piedras en la vesícula bilar) y esta fue admitida al hospital y se recomendó que se consultara al servicio de cirugía. Sostuvieron que no fue hasta el 27 de abril de 2020, que el cirujano, a saber, el doctor Rivera, evaluó a la señora Santana. Esbozaron que este último indicó que no era necesario un manejo quirúrgico.

Alegaron que posteriormente, un gastroenterólogo evaluó a la señora Santana y le recomendó una evaluación quirúrgica. Sin embargo, según ellos, el doctor Rivera se negó nuevamente a operar a la señora Santana a pesar de que esta continuó con dolor severo y dolor a la palpación del abdomen. Indicaron que este último documentó que la seguiría atendiendo en su consultorio fuera del hospital una vez le dieran de alta. Plantearon que a pesar de que el 3 de mayo de 2020, el médico de cabecera de la señora Santana, a saber, el doctor Colón, documentó que la paciente todavía se encontraba agudamente enferma, el 4 de mayo de 2020 le dio de alta a pesar de la condición en la que se encontraba.

---

[2] Véase, págs. 34-65 del apéndice del recurso KLAN202301094.

Según los apelantes, el 10 de mayo de 2020, la señora Santana tuvo que regresar a la sala de emergencias del Doctor's Center Hospital por dolor y distención abdominal que tenía desde la primera admisión y esta última fue hospitalizada nuevamente con un diagnóstico de sepsis. Sostuvieron que la paciente fue posteriormente evaluada por una infectóloga y esta le reiteró el diagnostico de colelitiasis (piedras en la vesícula) y le indicó que necesitaba una evaluación del doctor Rivera. Plantearon que el doctor Rivera la evaluó y nuevamente e insistió que no había que operar a la señora Santana.

Afirmaron que a pesar de que el internista, a saber, el doctor Colón, y la infectóloga continuaban documentando que había una tendencia a la elevación de glóbulos blancos y que se evidencio un engrosamiento de la vesícula bilar sugestivo de colecistitis, e incluso a pesar de que insistieron en que la señora Santana necesitaba una intervención quirúrgica, el doctor Rivera se negaba a operarla a pesar de haberla evaluado múltiples veces. Expresaron que, aunque la señora Santana seguía empeorando, el 6 de junio de 2020, el doctor Colón la dio de alta nuevamente.

Adujeron que, el 8 de junio de 2020, la señora Santana tuvo de acudir a la sala de emergencias del Hospital Municipal de San Juan, en el Centro Médico de Puerto Rico ya que le persistía el dolor abdominal. Sostuvieron que admitieron a esta última por un diagnóstico de sepsis severa y estado de shock séptico. Además, indicaron que se le presentó el caso a un cirujano y este le realizó una intervención quirúrgica a la señora Santana. Sin embargo, expresaron que esta última no recuperó debido a su estado crítico avanzado y falleció el 13 de junio de 2020.

Como consecuencia de las presuntas actuaciones y omisiones negligentes de los demandados, los apelantes solicitaron lo siguiente: (1) dos millones de dólares ($2,000,000.00) por los daños

físicos que sufrió la señora Santana y (2) un millón de dólares ($1,000,000.00) por angustias mentales que experimentó la señora Santana antes de su muerte. Sostuvieron que dichos sufrimientos les fueron heredados. Además, el señor Valentín y la señora Martínez solicitaron una indemnización de doscientos cincuenta mil ($250,000.00) dólares para cada uno por concepto de sus propios sufrimientos y angustias mentales. Asimismo, los hijos de la señora Santana, por sí y en representación de su madre, y como miembros de la Sucesión de la señora Santana, reclamaron la cantidad de doscientos cincuenta mil ($250,000.00) dólares para cada uno por sus sufrimientos y angustias mentales. La Sociedad Legal de Gananciales compuesta por la fenecida, la señora Santana, y el señor Valentín reclamó una suma de cincuenta mil ($50,000.00) dólares por pérdidas. Por último, los apelantes solicitaron la cantidad de quince mil ($15,000.00) dólares por gastos especiales y cien mil ($100,000.00) dólares por perdida de ingreso y lucro cesante. Así pues, solicitaron que se declarara Ha Lugar la *Demanda* y que se le condenara a la parte demandada a satisfacer, en forma solidaria, las sumas reclamadas por concepto de daños y perjuicios, así como las costas, gastos, intereses y honorarios de abogado.

El 29 de agosto de 2022, Doctor's Center Hospital, San Juan Inc. y Continental Insurance Company presentaron su *Contestación a la Demanda.*[3] En lo pertinente, en esta afirmaron que no renunciaban a ninguna defensa afirmativa que surgiera de la *Demanda*, ni de aquellas que podían surgir durante el descubrimiento de prueba, por desconocerse al momento de la alegación responsiva. Además, como parte de sus defensas afirmativas, alegaron que la *Demanda* estaba prescrita.

---

[3] Véase, págs. 50-78 del apéndice del recurso núm. KLCE202301382.

El 6 de septiembre de 2022, The Medical Protective Company presentó su alegación responsiva e incluyó como parte de sus defensas afirmativas que la *Demanda* estaba prescrita ya que había transcurrido más de un año desde que la señora Santana había fallecido.[4] Posteriormente, el 8 de septiembre de 2022, el doctor Rivera y PRMDIC presentaron su *Contestación a la Demanda.*[5] Como parte de sus defensas afirmativas también incluyeron que la *Demanda* estaba prescrita. Por último, el doctor Colón presentó su alegación responsiva y argumentó que la *Demanda* podría estar prescrita.[6]

Así las cosas, el 25 de octubre de 2022, la parte apelante presentó una *Demanda Enmendada* con el único fin de incluir como codemandados a la esposa del doctor Colón y a Triple S.[7] Oportunamente, los codemandados antes expuestos presentaron sus respectivas alegaciones responsivas y Triple S incluyó como parte de sus defensas afirmativas la prescripción.[8] Por su parte, el 7 de agosto de 2023, el doctor Rivera y PRMDIC presentaron una *Moción de Desestimación por Prescripción.*[9] En primer lugar, indicaron que el 13 de junio de 2021, el señor Valentín y la señora Martínez presentaron una *Demanda* con el núm. civil SJ2021CV03578 sobre daños y perjuicios reclamando daños por los sufrimientos y angustias mentales a raíz del fallecimiento de la señora Santana el 9 de junio de 2020.[10] Resaltaron que las partes demandantes en ese caso eran únicamente el señor Valentín y la señora Martínez, sobrina de la señora Santana, y no así los hijos de esta última que son demandantes en el caso de epígrafe por sí y

---

[4] Íd., págs. 79-82.
[5] Íd., págs. 83-88.
[6] Íd., págs. 89-96.
[7] Íd., págs. 97-128.
[8] Íd., págs. 133-140 y págs. 151-158.
[9] Íd., págs. 159-172.
[10] Estos luego solicitaron el desistimiento sin perjuicio de este caso y se emitió la correspondiente Sentencia concediéndole el desistimiento.

como miembros de la Sucesión de la señora Santana. Además, señalaron que no fueron incluidos como parte demandada en la referida *Demanda.*

Por otro lado, añadieron que no hubo reclamación alguna por parte de los hijos de la señora Santana en la referida *Demanda,* ya fuese por sus sufrimientos propios y/o individuales o por causa de acción heredada. Alegaron que el señor Valentín y la señora Martinez tampoco habían instado una acción de daños heredados en la *Demanda* del 9 de junio de 2021. Además, puntualizaron que la reclamación por gastos médicos, gastos fúnebres y otros gastos especiales, y la reclamación de pérdida de ingresos y lucro cesante fue alegada por los apelantes por primera vez mediante la *Demanda* de epígrafe que se radicó el 11 de junio de 2022.

Por las razones antes expuestas, sostuvieron que los apelantes no lograron interrumpir el término prescriptivo en cuanto a ellos ya que no fueron incluidos en el pleito original, a saber, en la *Demanda* civil núm. SJ2021CV03578. Explicaron que tan solo se incluyeron nombres de personas ficticias o genéricas y estos nombres nunca fueron sustituidos según promulga nuestro ordenamiento jurídico. Asimismo, indicaron que las reclamaciones que presentaron los hijos de la señora Santana estaban prescritas. Especificaron que entre las reclamaciones que estaban prescritas se encontraba la de los daños heredados sobre los presuntos daños que sufrió la señora Santana, la reclamación sobre los gastos médicos, gastos fúnebres y otros gastos especiales y la reclamación de pérdida de ingresos y lucro cesante. Todo ello ya que se presentaron en el *Demanda* de epígrafe habiendo ya transcurrido dos (2) años desde el fallecimiento de la señora Santana. En vista de ello, solicitaron que se desestimara la *Demanda* con perjuicio en su contra o en la alternativa, que se desestimaran las causas de acción antes descritas.

Posteriormente, el 16 de agosto de 2023, el doctor Colón y su esposa, la Sra. Janet Bosques Soto, presentaron una moción al amparo de la Regla 8.3 de Procedimiento Civil, 32 LPRA Ap. V., R. 8.3, uniéndose a la *Moción Solicitando Desestimación por Prescripción* que presentó el doctor Rivera y PRMDIC.[11] A esta moción también se unieron The Medical Protective Company y Triple S adoptando todos los fundamentos de la moción del 7 de agosto de 2023 ya que no fueron incluidos como parte codemandada en la *Demanda* que se presentó el 13 de junio de 2022.[12] De igual forma, insistieron que las reclamaciones nuevas y no incluidas en la *Demanda* antes expuesta, estaban prescritas. Por su parte, Doctors Center Hospital San Juan Inc. y su aseguradora, Continental Insurance Company adoptaron únicamente el petitorio desestimatorio de las causas de acción ya que fueron incluidos en el caso original por lo que el término prescriptivo se interrumpió en cuanto a ellos.[13]

En respuesta, el 18 de septiembre de 2023, los apelantes presentaron su *Oposición a Solicitud de Desestimación* [...].[14] De entrada, adujeron que no procedía la moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 ya que el doctor Rivera y PRMDIC y los demás codemandados que se unieron a esta solicitud de desestimación por prescripción lo hicieron luego de presentar sus alegaciones responsivas y luego de que comenzara el descubrimiento de prueba. Asimismo, puntualizaron que los codemandados habían renunciado a la defensa de prescripción toda vez que en sus alegaciones responsivas no hicieron constar en detalle y específicamente las razones por la

---

[11] Íd., págs.173-174.
[12] Íd., págs. 175-176 y págs.180-186.
[13] Íd., págs. 177-179.
[14] Íd., págs. 195-215.

cual se invocó la defensa. Afirmaron que ello era contrario a lo que establecía la Regla 6.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.3.

Ahora bien, en cuanto a la desestimación a favor del señor Rivera y PRMDIC, argumentaron que las alegaciones en su contra no estaban prescritas ya que se había interrumpido el término en cuanto a estos en la *Demanda* del caso civil núm. SJ2021CV03578. Particularmente, sostuvieron que en la aludida *Demanda* se incluyeron alegaciones especificas en contra del señor Rivera y PRMDIC a través de un seudónimo por desconocerse su verdadero nombre. Resaltaron que posteriormente, estos fueron identificados en el caso de epígrafe. Además, plantearon que las causas de acción con relación a Triple S, el doctor Rivera y su aseguradora, PRMDIC, no estaban prescritas ya que para el momento en que se presentó el caso original no se les había entregado a los apelantes el expediente médico completo de la señora Santana por lo que no contaban con todos los elementos necesarios para ejercitar efectivamente su causa de acción. Expresaron que la teoría cognoscitiva del daño establecía que el término prescriptivo de un año en los casos extracontractuales no comenzaba a transcurrir hasta que el perjudicado conociera que sufrió un daño y quien se lo causó.

Por último, puntualizaron que la causa de acción heredada, la causa de acción de los miembros de la sucesión de la señora Santana y la reclamación por lucro cesante no estaban prescritas. En lo pertinente, adujeron que la causa de acción que ejercitó el señor Valentín en el caso original beneficio a los otros herederos de la sucesión ya que el Tribunal Supremo había establecido que la interrupción oportuna por uno de los herederos beneficiaba a todos los demás en lo que respecta a la acción heredada. Sin embargo, no expresaron nada en cuanto a las reclamaciones individuales o personales de los hijos de la señora Santana que comparecieron en la presente *Demanda* reclamando daños por sí y como miembros de

la sucesión de la señora Santana. El 16 de octubre de 2023, el doctor Rivera y PRMDIC presentaron una *Réplica a Oposición* [...].[15]

Evaluadas las posturas de las partes, el 3 de noviembre de 2023, el TPI dictó una *Sentencia Parcial* que se notificó el 7 de noviembre de 2023.[16] En lo pertinente al asunto ante nuestra consideración, resolvió que la causa de acción por daños heredados estaba prescrita ya que nunca se incluyó en la *Demanda* que se radicó el 9 de junio de 2021, sino que se incluyó por primera vez en la *Demanda* de epígrafe. Indicó que siendo ello así, ya había transcurrido el término prescriptivo de un año para presentar dicha reclamación por lo que estaba prescrita. Ahora bien, en cuanto a las causas de acción personales de los hijos de la señora Santana, a saber, el Sr. Samuel de Mota, el Sr. Diomedis de Mota Santana, la Sra. María Esther de Mota Santana, y el Sr. Melvín Santana determinó lo siguiente:

> Todos los demandados plantean al unísono que las causas de acción por los daños personales sufridos por Samuel de Mota Santana, Diomides de Mota Santana, María Esther de Mota Santana y Melvin Santana están prescritas. Al así hacerlo, señalan que dichas personas nunca fueron parte en el caso SJ2021CV03578 y por tanto no interrumpieron el término prescriptivo que les aplica. Tienen razón.
>
> Basta examinar las alegaciones de la *Demanda* en el Primer Caso para corroborar dicha realidad. Por ello, si tomamos como fecha de partida para calcular el término prescriptivo el día en que la Sra. Santana falleció (13 de junio de 2020); evidentemente a la fecha de radicación del pleito de epígrafe (11 de junio de 2022) sus causas de acción en daños y perjuicios, por los daños emocionales directamente sufridos por estos evidentemente están prescritas. Adviértase, que nada impedía que dichas personas pudieran interrumpir extrajudicialmente el término, ser incluidas en la reclamación original o radicar un pleito independiente; pero no lo hicieron.

---

[15] Véase, págs. 103-113 del apéndice del recurso KLAN202301094.
[16] Íd., págs. 1-16.

Inconformes con las determinaciones antes expuestas, el 6 de diciembre de 2023, los apelantes presentaron el recurso de epígrafe y formularon el siguiente señalamiento de error:

> **Erró el Honorable Tribunal de Primera Instancia al Desestimar la causa de acción heredada de la parte apelante por entender que la misma estaba prescrita causando un grave perjuicio a la parte apelante y claro fracaso a la justicia.**

Atendido el recurso, el 7 de diciembre de 2023, emitimos una *Resolución* concediéndole a 1 aparte apelada hasta el 8 de enero de 2024 para presentar su alegato en oposición. Oportunamente, Doctors' Center Hospital San Juan, Inc., y su aseguradora, Continental Insurance Company, el doctor Rivera, y su aseguradora, PRMDIC, Triple S, el doctor Colón y su esposa, la Sra. Janet Bosques Soto presentaron sus respectivas oposiciones al recurso núm. KLAN202301094 y, en síntesis, negaron que el TPI cometiera el error que los apelantes le imputaron.

## II. KLCE202301382

Adoptamos por referencia los hechos procesales antes expuestos, ya que ambos recursos provienen del mismo caso. Como mencionamos anteriormente, el TPI dictó una *Sentencia Parcial* el 3 de noviembre de 2023 la cual se notificó el 7 de noviembre de 2023. En esta, en lo pertinente, el TPI desestimó las causas de acción de los daños heredados y las causas de acción de los hijos de la señora Santana. Además, denegó la solicitud de desestimación del doctor Rivera, PRMDIC, The Medical Defense Insurance Company, The Medical Protective Company y Triple S. Con relación al doctor Rivera denegó su solicitud de desestimación al amparo de la Regla 10.2 bajo el siguiente fundamento:

> Coincidimos con el Dr. Fernando Rivera Cruz en que nunca se le identificó ni se le sustituyó en el caso SJ2021CV03578. Tampoco hay una alegación específica contra su aseguradora, pero, esto no es razón para entender que el caso en su contra está prescrito.
>
> [...]

Este no es el tipo de caso donde existe una solidaridad imperfecta entre hospital y médico. [...] El Doctor Rivera a base de las alegaciones, es una persona que tiene una relación de dependencia con el hospital, inexorablemente atados por un interés común, confianza y de relaciones frecuentes por la naturaleza de los servicios que presta. En ese sentido, podemos colegir que existe una solidaridad perfecta (propia) entre el hospital y su facultativo, con la consecuencia de responder solidariamente y beneficiarse la parte demandante de la interrupción del término prescriptivo realizado el 9 de junio de 2021.

No vemos razón por la cual distanciarnos del *ratio decidendi* del caso *Pérez Hernández v. Lares Medical*, supra. Evidentemente los hospitales tienen una responsabilidad presunta por los actos de los médicos que laboran en su institución y con los que, aunque no forman parte de su fuerza laboral, son parte de la facultad o staff que tienen disponibles para consultas de otros médicos. Esa dependencia mutua contiene lazos de intereses comunes, entre partes conocidas, de confianza y frecuencia que son equivalentes a los que se atendieron en *Pérez Hernández, id.*

[...]

En la alternativa, aun si para efectos de discusión no existiera una solidaridad perfecta entre hospital y los médicos provistos en la sala de emergencias y/o su facultad, tampoco procede en esta etapa la desestimación por prescripción.

No podemos perder de perspectiva que la parte demandante alega enfáticamente, que no pudo identificar razonablemente la participación e identidad de los demás cocausantes, a pesar de que solicitaron oportunamente los récords médicos de la Sra. Santan en el Doctor's Center Hospital. [...] No fue hasta el 10 de mayo de 2022, y luego de múltiples gestiones para que entregaran la totalidad del expediente que en efecto emitieron las correspondientes copias y sus respectivas certificaciones. De las certificaciones emitidas se hace constar que se estaban entregando la cantidad 1,165 páginas de expediente relacionadas a la hospitalización del 05/11/2020 al 06/06/2020 y que, a su vez, se entregaron la cantidad de 309 páginas de la hospitalización del 04/25/2020 al 05/04/2020. [...] A su vez, la parte demandante no tenía este conocimiento ya que nunca pudieron ser participe del tratamiento médico de la señora Victorina Santana ya que ésta estuvo hospitalizada en plena pandemia y no permitían a nadie estar en las facilidades del hospital y/o pernoctar y/o visitar a la paciente." [...]

Estas alegaciones, a nuestro juicio, aun en ausencia de la solidaridad perfecta, presentan una controversia de hechos sobre si Ramón Valentín y Ana Martínez (los únicos que reclamaron su derecho en tiempo), tenían la información suficiente para poder conocer la identidad de todos los causantes y/o si su

falta de inclusión o sustitución se debió a no ser diligentes. Fraguada Bonilla v. Hospital, 186 DPR 865 (2012). En otras palabras, tratándose de una solicitud de desestimación bajo la Regla 10.2 de Procedimiento Civil, no contamos en esta etapa con determinaciones de hechos que permitan concluir con conciencia tranquila, si la dificultad en identificar partes se debió a la falta de diligencia; o, si se debió a actuaciones de algún codemandado para impedir el ejercicio de la causa de acción en tiempo como alegan los demandantes.

Ahora bien, en cuanto a la reclamación contra las aseguradoras PRMDIC (aseguradora del doctor Rivera), MEDPRO (aseguradora del Doctor's Hospital) y Triple S (aseguradora del doctor Colón) resolvió que estas fueron incluidas en la primera *Demanda* y dentro del término prescriptivo original. Ello, ya que se incluyó una alegación en contra de cualquier aseguradora bajo nombre ficticio que hubieran expedido una póliza a favor de los demandados efectivamente identificados, "vigentes al ocurrir los hechos de la reclamación, cubriendo parte o la totalidad de la negligencia, riesgos y/o daños reclamados de los demandados y/o de su(s) aseguradora(s)".

Añadió que exigirle a una parte que conociera el nombre de la aseguradora de un médico u hospital antes de radicar una Demanda no era razonable ya que dicha información se obtenía generalmente por medios de descubrimiento de prueba o cuando ya ocurría la intervención de representantes legales. Así pues, resolvió que, al aplicar la teoría cognoscitiva del daño, la causa de acción contra MEDPRO, Triple S y PRMDIC se radicó en tiempo y el señor Valentín y la señora Martinez fueron diligentes en reclamarles a sus aseguradores dentro del término prescriptivo interrumpido por lo que no procedía la desestimación por prescripción.

En desacuerdo con esta determinación, el 7 de diciembre de 2023, el doctor Rivera y PRMDIC presentaron el caso núm. KLCE202301382 y formularon el siguiente señalamiento de error:

> **Erró el Honorable Tribunal de Primera Instancia al declarar No Ha Lugar la moción de desestimación por prescripción presentada por el Dr. Fernando Rivera Cruz y su aseguradora, Puerto Rico Medical Defense Insurance Company en cuanto a la prescripción del caso en su totalidad, al utilizar como criterio el caso *Pérez Hernández v. Lares Medical*, 207 DPR 965 (2021), cuya determinación no había adquirido vigencia para la fecha en que se radica inicialmente la presente causa de acción; y al determinar que existe controversia de hechos sobre si los demandantes tenían la información suficiente para poder conocer la identidad de las causantes a tal fecha, cuando la parte demandante no presentó evidencia o documento alguno en apoyo a sus argumentos y/o que demostrase que actuó de manera diligente para obtener la información necesaria para ejercer su causa de acción.**

Posteriormente, el 9 de enero de 2024, el señor Valentín, la señora Martinez, y los hijos de la señora Santana presentaron una *Oposición a Expedición de Auto de Certiorari* y en este negaron que el TPI cometiera el error que el doctor Rivera y PRMDIC le imputaron.

## II.

### -A-

El Art. 599 del Código Civil de 1930, 31 LPRA sec. 2081, define la sucesión por causa de muerte como "la transmisión de los derechos y obligaciones del difunto a sus herederos".[17] El referido estatuto de igual forma establece que los derechos del causante, "se transmiten desde el momento de su muerte". Art. 603 del Código Civil de Puerto Rico, 31 LPRA sec. 2085. Así pues, éstos forman parte del caudal hereditario, junto con las obligaciones del causante, siempre y cuando éstos no se extingan con la muerte de este. Art. 608 del Código Civil de Puerto Rico, 31 LPRA sec. 2090. En fin, "[l]os herederos suceden al difunto por el hecho solo de su muerte, en

---

[17] Para propósitos de la disposición de este recurso estaremos citando el derogado Código Civil de Puerto Rico de 1930, 31 LPRA sec. 1 *et seq.* ya que el Art. 1808 de la Ley Núm. 55-2020, según enmendada, conocida como Código Civil de Puerto Rico de 2020, 31 LPRA sec. 11713, relacionado a las disposiciones transitorias de acciones y derecho pendientes, establece que, "las acciones y los derechos nacidos y no ejercitados antes de la entrada en vigor de este Código, subsisten con la extensión y en los términos que le reconoce la legislación precedente..."

todos sus derechos y obligaciones". Art. 610 del Código Civil de Puerto Rico, 31 LPRA sec. 2092.

En lo pertinente al caso ante nos, el Tribunal Supremo estableció que, si una persona fallece como resultado del acto u omisión negligente de otro, ésta transmite a sus herederos la causa de acción que no ejercitó. *Vda. de Delgado v. Boston Ins. Co.,* 101 DPR 598 (1973). Ello, para recobrar la indemnización correspondiente al sufrimiento físico y moral que precedió a su deceso. Íd. Lo antes expuesto se fundamenta en la existencia de dos acciones derivadas de la muerte ilegal: (1) la causa de acción que pueden ejercer los herederos por los daños que sufrió la víctima inicial del accidente y (2) la causa de acción personal de los herederos por los daños que sufrieron a raíz de la muerte del causante. Íd., págs. 599-600. La primera de éstas se conoce como la acción heredada, mientras que la segunda se llama la acción directa o personal. Íd., pág. 600.

Dicho lo anterior, es evidente que la causa de acción que poseía el causante por los daños que sufrió antes de su fallecimiento no es una personalísima que muere con éste. Íd., pág. 602. Sino que, "[e]l fallecido continúa viviendo en la persona de sus herederos en cuanto la ficción es posible, o en la herencia yacente cuando los herederos no existen". Íd. Este derecho que poseen los herederos para reclamar los daños sufridos por la persona fallecida "no depende de ningún trámite procesal iniciado por su causante; [sino que] arranca del acto torticero mismo". Íd., págs.602-603. En consecuencia, este derecho es un bien patrimonial, transmitido a los herederos y reclamable por éstos como parte de su legítima, por lo que tienen un incuestionable interés jurídico y económico en la acción planteada. Íd., pág. 607.

**-B-**

La prescripción extintiva es una institución de derecho sustantivo que extingue el derecho de ejercer determinada causa de acción. *SLG Haedo López v. SLG Roldan Rodríguez*, 203 DPR 324, 336 (2019). Sobre el particular, el Artículo 1861 del Código Civil de 1930, 31 LPRA sec. 5291 establece que "[l]as acciones prescriben por el mero lapso del tiempo fijado por la ley". Así, **una vez se agota un término prescriptivo se extingue el derecho a ejercer la causa de acción y la persona sujeta a responder queda exonerada**. (Énfasis suplido) *Maldonado v. Rivera v. Suárez y otros*, 195 DPR 182, 193 (2016). En ese sentido, la prescripción extintiva es una forma de extinguir las obligaciones. *SLG García-Villega v. ELA et al.*, 190 DPR 799, 814 (2014). Ahora bien, esta figura de derecho sustantivo tiene como finalidad castigar la dejadez en el ejercicio de los derechos y evitar la incertidumbre en las relaciones jurídicas. Íd., pág. 813.

El Código Civil de Puerto Rico de 1930 regula los términos prescriptivos particulares para las distintas reclamaciones existentes. En lo pertinente, el Artículo 1868 del Código Civil de 1930, 31 LPRA sec. 5298, dispone que **las obligaciones derivadas de la culpa o negligencia –Artículo 1802– prescribían en el término de un (1) año desde que lo supo el agraviado**. (Énfasis suplido). A tenor con lo anterior, se ha desarrollado la teoría cognoscitiva del daño, la cual establece que los términos para incoar una causa de acción comienzan a transcurrir una vez el perjudicado conoció o debió conocer el daño, quién fue el autor y, además, desde que éste conoce los elementos necesarios para ejercitar efectivamente su causa de acción. *Maldonado v. Rivera v. Suárez y otros*, supra, pág. 194.

Ahora bien, cabe precisar que, nuestro ordenamiento jurídico permite la interrupción de los términos prescriptivos. *Meléndez*

*Guzmán v. Berríos López*, 172 DPR 1010, 1019 (2008). Conforme a ello, el Artículo 1873 del Código Civil 1930, 31 LPRA sec. 5303, en lo medular, expone que la prescripción de las acciones se interrumpe por su ejercicio ante los tribunales. **Así pues, una vez interrumpida, el término comienza a transcurrir nuevamente.** (Énfasis suplido) Íd., pág. 1019.

-C-

La Regla 15.4 de Procedimiento Civil, 32 LPRA Ap. V., R.15.4, trata específicamente sobre el procedimiento a seguir cuando un demandante incluye una parte demandada de nombre desconocido. La misma dispone:

> Cuando una parte demandante ignore el verdadero nombre de una parte demandada, deberá hacer constar este hecho en la demanda exponiendo la reclamación específica que alega tener contra dicha parte demandada. En tal caso, la parte demandante podrá designar con un nombre ficticio a dicha parte demandada en cualquier alegación o procedimiento, y al descubrirse el verdadero nombre, hará con toda prontitud la enmienda correspondiente en la alegación o procedimiento.

Se ha señalado que la disposición antes mencionada es aplicable a la situación en que un demandante conoce la identidad, pero no el verdadero nombre de un demandado. *Padín v. Cía. Fom. Ind.*, 150 DPR 403, 417 (2000). Es decir, la Regla 15.4 de Procedimiento Civil, *supra*, permite que se pueda demandar a una persona cuyo nombre se desconoce designándolo en la demanda con un nombre ficticio. Íd., pág. 416. Sin embargo, se ha señalado que "la ignorancia del verdadero nombre del demandado debe ser real y legítima, y no falsa o espúrea". Íd., pág. 417.

Tan pronto se conozca su nombre verdadero se enmendará la demanda incluyendo a dicho demandado de nombre desconocido con su nombre verdadero. *Ortiz Díaz v. R&R Motors Sales Corp,* 131 DPR 829, 836 (1992). Luego se procederá a emplazarlo. Íd. Las

alegaciones con respecto al demandado así incluido, se retrotraerán al momento de la presentación de la demanda original. Íd.

Por otro parte, el Tribunal Supremo ha manifestado que "el solo hecho de incluir en una demanda la mención de un nombre ficticio para un demandado no hace que sea de aplicación automática la Regla 15.4, *supra*. Esta regla exige que se exponga la reclamación específica y que se conozca la identidad del demandado". *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 369 (2012).

III.

### I. KLAN202301094

En su único señalamiento de error, los apelantes argumentaron que el TPI erró al desestimar la causa de acción de los daños heredados que instó el señor Valentín y la señora Martínez por estar prescrita. Sostuvieron que esta determinación les causaba un grave perjuicio y constituía un claro fracaso a la justicia. No les asiste la razón. *Veamos.*

Según surge del expediente ante nuestra consideración, que **el 9 de junio de 2021**, el señor Valentín y la señora Martínez presentaron una *Demanda* sobre daños y perjuicios en el caso civil núm. SJ2021CV03578. En esta, reclamaron indemnización por los sufrimientos y angustias mentales que sufrieron a raíz de la muerte de la señora Santana. Es decir, ejercitaron una causa de acción personal y directa por los daños que sufrieron como consecuencia de la muerte de la señora Santana. Sin embargo, de la referida *Demanda* no surge que estos hayan ejercitado una causa de acción por los daños que sufrió la señora Santana previo a su fallecimiento. Entiéndase, no ejercitaron una causa de acción por los daños heredados a pesar de que este derecho se les trasmitió desde el momento del fallecimiento de la señora Santana. Posteriormente, el señor Valentín y la señora Martínez desistieron de su causa de

acción por daños y perjuicios en el aludido caso y el TPI dictó la correspondiente *Sentencia* concediéndole el desistimiento.

Ahora bien, el **11 de junio de 2022**, el señor Valentín y la señora Martínez presentaron una *Demanda* sobre daños y perjuicios en el presente caso junto a los hijos de la señora Santana. En la aludida *Demanda*, el señor Valentín y la señora Martínez reclamaron indemnización por sus daños personales y **también reclamaron indemnización por los daños físicos y las angustias mentales que sufrió la señora Santana antes de su muerte.**

Como es sabido, el término de un año para presentar una reclamación extracontractual se puede interrumpir a través de una una reclamación oportuna ante el tribunal. Una vez se interrumpe el término antes expuesto, este comienza a transcurrir nuevamente. En el presente caso, el señor Valentín y la señora Martínez tenían derecho a presentar una causa de acción por los daños heredados de la señora Santana. **Sin embargo, estos daños no fueron objeto de la reclamación que se presentó el 9 de junio de 2021 y, por ende, el término de esta causa de acción no se interrumpió. Así pues, dicha causa de acción ya estaba prescrita cuando se presentó en la *Demanda* de 11 de junio de 2022.** Entiéndase, la reclamación por estos daños se presentó por primera vez aproximadamente dos (2) años desde la muerte de la señora Santana. Por lo tanto, como mencionamos anteriormente, estaba prescrita. Por las razones antes expuestas, el señalamiento de error no se cometió.

## II. KLCE202301382

En su recurso, el doctor Rivera y PRMDIC sostuvieron que el TPI incidió en declarar No Ha Lugar su moción de desestimación por prescripción y al determinar que existía controversia sobre si los apelantes tenían la información suficiente para poder conocer su identidad en el momento que se presentó la *Demanda* de 9 de junio

de 2021. En cuanto a esto último, expresaron que la parte apelante no presentó evidencia o documento alguno en apoyo a sus argumentos que demostraran que actuó de manera diligente para obtener la información necesaria para ejercer una causa de acción en contra de ellos. No les asiste la razón. *Veamos.*

En la *Demanda* antes mencionada, se incluyó como demandado a fulano de tal por desconocerse su verdadero nombre. Se alegó que se trataba de:

> [P]ersonas y/o entidades y/o demandados, principales, empleados y/o agentes y/o contratistas de la parte demandada y trabajan y/o operan y/o administran y/o mantienen y/o dan servicios a los demandados en el lugar y en el momento de la ocurrencia de los incidentes que dan motivo a la reclamación, quienes por sus actos u omisiones causaron los daños reclamados y son responsables, directa, indirectamente, individual y/o colectivamente, y/o solidariamente y/o vicariamente a la parte demandante de los daños causados y reclamados.[18]

Además, incluyeron a otra parte co-demandada, denominada como Aseguradoras ABC, por desconocerse su verdadero nombre. Describieron a dichas compañías como sigue:

> [S]on compañías de seguros, que operan bajo el Código de Seguros y leyes de PR y/o hacen negocios y/o operan en esta jurisdicción, que emitieron pólizas de seguro a favor de uno o más de los demandados, vigentes al ocurrir los hechos de la reclamación, cubriendo parte o la totalidad de la negligencia, riesgos y/o daños reclamados de los demandados y/o de sus aseguradoras.

El derecho que antecede establece que cuando una parte demandante ignore el verdadero nombre de una parte demandada, la podrá designar con un nombre ficticio. Regla 15.4 de Procedimiento Civil, *supra.* De igual forma, deberá hacer constar este hecho en la demanda, exponiendo la reclamación específica que alega tener contra dicha parte demandada. Íd. Ahora bien, la parte demandante tendrá la obligación de enmendar la demanda tan pronto conozca el verdadero nombre del demandado de nombre

---

[18] Íd., pág. 18.

desconocido con su nombre verdadero. *Ortiz Díaz v. R&R Motors Sales Corp,* supra, pág. 836. Cabe precisar que, las alegaciones con respecto al demandado así incluido se retrotraerán al momento de la presentación de la demanda original. Íd.

Según puntualizó el TPI en su *Sentencia Parcial* de 3 de noviembre de 2023, no fue hasta el 10 de mayo de 2022, que el señor Valentín, la señora Martínez y los hijos de la señora Santana recibieron una copia de la totalidad del expediente médico de la señora Santana y sus respectivas certificaciones. Ello, a pesar de haber solicitado dicho expediente oportunamente al Doctors' Center Hospital. Según dispuso el TPI, en las certificaciones emitidas se hizo constar que se estaban entregando sobre 1,474 páginas relacionadas a la hospitalización entre los meses de abril y junio. De igual forma, cabe resaltar que la señora Santana estuvo hospitalizada durante la pandemia del Covid 19, por lo que el señor Valentín, la señora Martínez y los hijos de la señora Santana no tuvieron la oportunidad de visitar a la señora Santana ya que no permitían a nadie estar en las facilidades del hospital.

Dicho lo anterior, es evidente, que no fue hasta mayo de 2022 que el senor Valentín, la señora Martínez y los hijos de la señora Santana pudieron conocer el verdadero nombre del doctor Rivera y su aseguradora PRMDIC. Así pues, oportunamente en la *Demanda* que se presentó el 11 de junio de 2022, estos reemplazaron el nombre ficticio incluido en la primera demanda, designando a los co-demandados por su verdadero nombre. Así pues, las alegaciones con respecto a estos se retrotrajeron al momento de la presentación de la Demanda del 11 de junio de 2022 y, por ende, la causa de acción en contra del doctor Rivera y PRMDIC no está prescrita. De este modo, concurrimos con el TPI de que no procede la solicitud de desestimación por prescripción que presentaron estos últimos y por consiguiente, no se cometió el error señalado.

IV.

Por los fundamentos antes expuestos, ***confirmamos*** el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones