# 99 DTA 126

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL VII DE CAROLINA Y FAJARDO**
**PANEL I**

JORGE ALBERTO PEREZ LUGO Y
ANA ELIZABETH AVILES CARDONA, ET ALS
Demandantes-Peticionarios

v.

LEVITT HOMES PUERTO RICO, INC., ET ALS
Demandados-Recurridos

Núm. KLCE-99-00110

San Juan, Puerto Rico, a 19 de marzo de 1999

Panel integrado por su Presidente, Juez señor Miranda de Hostos
y los Jueces señor Rivera Pérez y señor Rodríguez García

Rivera Pérez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El presente recurso de *certiorari* nos plantea la interrogante de si la parte demandante puede enmendar su demanda luego de que el caso está señalado para vista en los méritos, atendidas las circunstancias particulares de este caso. La contestación es en la afirmativa. Se expide el auto solicitado y se revoca la resolución recurrida.

### I

El 11 de junio de 1996, los demandantes, aquí peticionarios, señor Jorge A. Pérez Lugo, su esposa, la señora Ana E. Avilés Cardona, la sociedad legal de bienes gananciales compuesta por ambos, y en representación de sus hijos menores de edad, ▮ presentaron ante el Tribunal de Primera Instancia, Sala Superior de Carolina, una

demanda sobre daños y perjuicios por vicios de construcción en contra de los demandados, aquí recurridos, Levitt Homes Puerto Rico, Inc., y su compañía aseguradora, y New Flair Carpets, Inc., y su compañía aseguradora. En la misma se alegó que: (a) la parte demandante compró a la parte demandada Levitt Homes Puerto Rico, Inc. una propiedad en la Urbanización Valle de San Juan, en el Municipio de Trujillo Alto, por la suma de ciento cincuentiún mil dólares; ($151,000); (b) que la referida propiedad padece de una serie de defectos de construcción que ha impedido el uso y disfrute de ella; (c) que, además, la construcción de otras propiedades aledañas al inmueble adquirido han creado molestias a los demandantes; y (d) que, en consecuencia, los demandantes han sufrido daños físicos y mentales. Como remedio a su causa de acción, la parte demandante reclama que la parte demandada pague la cantidad de ciento veinticinco mil dólares ($125,000), más las costas, gastos y honorarios de abogado, calculados en una suma no menor de doce mil dólares ($12, 000). ▉

El 6 de agosto de 1996 y 8 de agosto de 1996, los demandados, aquí recurridos, New Flair Carpets, Inc., y Levittt Homes Puerto Rico, Inc., presentaron, respectivamente, sus alegaciones responsivas negando los hechos de la demanda. ▉ Posteriormente, el 11 de diciembre de 1998, la parte demandada, Levitt Homes Puerto Rico, Inc. presentó ante el tribunal *a quo* una *"Moción de Sentencia Sumaria"* alegando que no existiendo controversias sustanciales de hechos ni prueba que sostenga la existencia de vicios de construcción en la propiedad de los demandantes, aquí peticionarios, esposos Pérez Avilés, procedía la desestimación de la demanda. ▉ El 30 de diciembre de 1998, los demandantes, aquí peticionarios, esposos Pérez Avilés, presentaron ante el Tribunal de Primera Instancia un escrito de *"Réplica a Sentencia Sumaria"*, ▉ una *"Moción Solicitando Permiso Para Enmendar Demanda"* ▉ y la *"Demanda Enmendada"*. ▉ La enmienda a la demanda consiste en adicionar la ocurrencia de unos alegados daños sufridos en la propiedad, porque la parte demandada, Levitt Homes Puerto Rico, Inc., no corrigió los daños ya existentes enumerados en la demanda original. ▉ A su vez, el 25 de enero de 1999, los demandados, aquí recurridos, Levitt Homes Puerto Rico, Inc., presentaron *"Réplica a Oposición a Moción de Sentencia Sumaria"*. ▉

Con fecha de 21 de enero de 1999, archivada en autos el 1ro. de febrero de 1999, el Tribunal de Primera Instancia emitió una resolución, en la cual declaró no ha lugar la moción de sentencia sumaria. ▉ Además, el referido foro emitió una orden en esa misma fecha, archivada en autos el 1ro. de febrero de 1999, ▉ en la cual dispuso lo siguiente:

*"(1). Moción Solicitando Permiso Para Enmendar Demanda: DENEGADA. La parte demandante no explica en qué consiste la alegación enmendada o la causa de acción adicional y porqué se justifica solicitar enmiendas en estas etapas de los procedimientos, con la vista en su fondo ya señalada para los días 17 y 18 de febrero de 1999. La solicitud parece ser tardía. Además, si la enmienda es por razón de unos daños sufridos durante el Huracán Georges, nos da la impresión que se trata de un asunto separado de la médula de las controversias en este caso."*

De esta orden recurre ante nos la parte demandante, esposos Pérez Avilés, señalando la comisión de los siguientes errores por el Tribunal de Primera Instancia:

*"PRIMER ERROR*

*Erró el honorable Tribunal de Primera Instancia al denegar la solicitud para que se permitiera una demanda enmendada donde se incluyen unos hechos que tienen su génesis en la causa de acción original, impidiendo de esta manera que dicha reclamación fuera adjudicada conforme a los daños sufridos, las secuelas de dichos daños, privando así a la parte demandante de su derecho.*

*SEGUNDO ERROR*

*Erró el honorable Tribunal de Primera Instancia al no permitir la demanda enmendada meritoria aduciendo que el caso está señalado y ademas [sic] que... "la solicitud parece ser tardía. Ademas [sic] si la enmienda es por razón de unos daños sufridos durante el Huracán Georges, nos da la impresión de que se trata de un asunto separado de la medula [sic] de las controversias en este caso."*

## II

Discutiremos ambos errores conjuntamente, por estar estrechamente relacionados.

La Regla 13.1 de Procedimiento Civil ■ permite que cualquier parte en un pleito pueda enmendar sus alegaciones por primera vez, en cualquier momento, si no se le ha notificado una alegación responsiva. De lo contrario, es necesario obtener permiso del tribunal o un consentimiento por escrito de la parte contraria para enmendar las alegaciones. La enmiendas a la demanda pueden ser para ampliar las causas de acción alegadas en la demanda original o para adicionar nuevas causas de acción. ■

Esta regla establece que *"el permiso se concederá liberalmente cuando la justicia así lo requiera"*. Los tribunales de primera instancia poseen amplia discreción para autorizar las enmiendas de las alegaciones, aun en etapas avanzadas de los procedimientos. ■ Sin embargo, es importante recordar que los tribunales deben ejercer de forma juiciosa su discreción al evaluar la solicitud de enmiendas a las alegaciones. Es necesario que los tribunales analicen *"... el momento en que se solicitan, su impacto en la pronta adjudicación de la cuestión litigiosa, la razón o ausencia de ella para la demora e inacción original del promovente de la enmienda, el perjuicio que la misma causaría a la otra parte y hasta la naturaleza y méritos intrínsecos de la [reclamación] que tardíamente se plantea"*. ■

En el caso ante nos, el Tribunal de Primera Instancia denegó el permiso para enmendar la demanda porque la misma era tardía, debido a que ya se había señalado fecha para el juicio. Los demandantes, aquí peticionarios, esposos Pérez Avilés, arguyen sobre la necesidad de tal enmienda por la ocurrencia de unos daños posteriores a la presentación de la demanda, pero que son consecuencia de la misma causa de acción presentada originalmente. Como señalamos anteriormente, la Regla 13.1 de Procedimiento Civil, *supra*, establece que el permiso para permitir enmendar cualquier alegación se debe conceder liberalmente. Si el Tribunal de Primera Instancia entiende que la parte que solicita el permiso para enmendar su alegación no ha sido diligente, las Reglas de Procedimiento Civil ■ permiten la imposición de sanciones económicas a esa parte. Específicamente, la Regla 44.2 de Procedimiento Civil permite que el Tribunal de Primera Instancia imponga sanciones económicas a una parte, a favor del Estado, en cualquier etapa del caso, *"por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia"*. El propósito de esta regla es proporcionar a ese tribunal un mecanismo para agilizar los procedimientos y evitar la congestión de los tribunales. ■ En este caso, el tribunal recurrido debió evaluar si la parte demandante, aquí peticionaria, esposos Pérez Avilés, incurrió en falta de diligencia al presentar la solicitud de enmienda de la demanda, cuando ya se había señalado la fecha para la vista en los méritos, y las consecuencias, si alguna, negativas a la parte demandada. Sin embargo, de determinar, luego de su evaluación, que la parte demandante actuó de forma poco diligente, debió imponerle una sanción económica. La jurisprudencia ha establecido que las sanciones económicas se deben dirigir, en primer lugar, al abogado de la parte, y no a ésta. Además, se debe apercibir a la parte de las acciones de su abogado y las consecuencias que esto puede acarrear. ■ Si después de las debidas advertencias a la parte, ésta continúa con una conducta poco diligente en el trámite de su caso, el Tribunal de Primera Instancia podría tomar acciones drásticas contra la parte litigante, que incluye la eliminación de sus alegaciones o la desestimación de su demanda. ■ Sin embargo, este debe ser el último remedio. La medida tomada en este caso fue demasiado drástica, atendidas las circunstancias procesales del caso de autos.

## III

Por los fundamentos anteriormente expuestos, se expide el auto solicitado y se revoca la resolución recurrida.

Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIOS 99 DTA 126**

1. Los menores de edad lo son Jorge J. Pérez Avilés, Beatriz Pérez Avilés y Steven Reyes Avilés.

2. Apéndice A, pág. 1, de la petición de *certiorari*.

3. Apéndice B, pág. 6, y Apéndice C, pág. 8, *Ibid.*

4. Apéndice D, pág. 11, *Ibid.*

5. Apéndice E, pág. 33, *Ibid.*

6. Apéndice F, pág. 71, *Ibid.*

7. Apéndice G, pág. 77, *Ibid.*

8. *Ibid.*

9. Apéndice H, pág. 83, *Ibid.*

10. Apéndice J, pág. 93, *Ibid.*

11. Apéndice I, pág. 91, *Ibid.*

12. 32 L.P.R.A. Ap. III, R. 13.1.

13. *Cruz Cora v. UCB/Trans Union Puerto Rico Division*, 137 D.P.R. ___ (1995), **95 J.T.S. 12**, opinión de 8 de febrero de 1995, a la pág. 615; *Ortiz Díaz v. R. & R. Motors Sales Corp.*, 131 D.P.R. 829, 837 (1992).

14. *Cruz Cora v. UCB/Trans Union Puerto Rico Division, supra; Neca Mortgage Corp. v. A & W Developers S.E.*, 137 D.P.R. ___ (1995), **95 J.T.S. 10**, opinión de 7 de febrero de 1995, a la pág. 603; *Ortiz Díaz v. R. & R. Motors Sales Corp., supra*, pág. 836; *Granados v. Rodríguez Estrada 1*, 124 D.P.R. 1, 43 (1989).

15. *Epifanio Vidal, Inc. v. Suro*, 103 D.P.R. 793, 796 (1975), citado en *Ortiz Díaz v. R. & R. Motors Sales Corp., supra*, págs. 836-837.

16. 32 L.P.R.A. Ap. III, R. 44.2.

17. *Pérez Pascual v. Vega Rodríguez*, 124 D.P.R. 529, 539 (1989); *Lluch v. España Service Sta.*, 117 D.P.R. 729, 748-749 (1986).

18. *Amaro González v. First Federal Savings Bank*, 132 D.P.R. ___ (1993), **93 J.T.S. 46**, opinión de 30 de marzo de 1993, a la pág. 10545; *Echevarría Jiménez v. Sucn. Pérez Meri*, 123 D.P.R. 664, 674 (1989); *Fernández Sánchez v. Fernández*

*Rodríguez,* 120 D.P.R. 422, 426 (1988).

**19.** *Amaro González v. First Federal Savings Bank, supra; Fernández Sánchez v. Fernández Rodríguez, supra.*