**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE APELACIONES**
**PANEL IX**

| | | |
|---|---|---|
| Massiel y Hernández Tolentino<br><br>Peticionaria<br><br>v.<br><br>Cooperativa de Ahorro y Crédito la Puertorriqueña y PiedraDura Corp.<br><br>Recurridos | TA2025CE00028 | *Certiorari* procedente del Tribunal de Primera Instancia de Carolina<br><br>Caso Núm.: CA2024CV03722<br><br>Sobre: Incumplimiento de Contrato |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, hoy 25 de junio de 2025.

Comparece mediante un auto de *certiorari* la parte demandante y recurrente, Sra. Massiel Y. Hernández Tolentino (señora Hernández Tolentino o peticionaria). Además, la peticionaria acompañó el recurso discrecional con un escrito intitulado *Solicitud urgente de orden provisional en auxilio de jurisdicción para que se ordene la paralización de los procedimientos ante el Tribunal de Primera Instancia.* En esencia, la señora Hernández Tolentino solicita nuestra intervención para dejar sin efecto sendas *Órdenes* emitidas el 18 y 21 de mayo de 2025, ambas notificadas el día 23 siguiente, por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI). En los aludidos dictámenes, el TPI declaró *No Ha Lugar* la solicitud de enmienda a la *Demanda* incoada y la *Moción de Reconsideración* de dicha determinación.

Anticipamos la expedición del auto de *certiorari* y la revocación de las *Órdenes* impugnadas. Asimismo, una vez ponderadas las alegaciones de la señora Hernández Tolentino y el Derecho procesal aplicable, eximimos a la parte recurrida de presentar su alegato, por virtud de la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones,

4 LPRA Ap. XXII–B, R. 7 (B)(5). Al amparo de la referida norma, este foro revisor tiene la facultad de prescindir de escritos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho.

## I.

La presente causa se inició el 30 de octubre de 2024, ocasión en que la peticionaria incoó una *Demanda* en contra de los demandados y recurridos: Cooperativa de Ahorros y Crédito La Puertorriqueña (Cooperativa), PiedraDura Corp. (PiedraDura) y su asegurada de nombre desconocido.[1] Alegó incumplimiento de contrato, el resarcimiento de daños y perjuicios, así como una sentencia declaratoria, toda vez que la reclamación involucraba la interpretación de un contrato de realización de obras de construcción y remodelación.

Luego de varios trámites procesales, innecesarios de pormenorizar, el 13 de enero de 2025, la Cooperativa presentó *Moción Solicitando Desestimación al Amparo de la Regla 10.2 (5) de las de Procedimiento Civil.*[2] A ésta, unió una trilogía de anejos. Posteriormente, el 24 de enero de 2025, PiedraDura instó *Moción de Desestimación.*[3] En respuesta, el 17 y 27 de enero de 2025, el TPI ordenó a la peticionaria a presentar su postura en torno a ambas solicitudes desestimatorias.[4] Luego, el TPI concedió a la señora Hernández Tolentino una prórroga hasta el 24 de febrero de 2025.[5] No obstante, previo al término, el 12 de febrero de 2025, la representación legal de la peticionaria solicitó la renuncia, a lo que el TPI prestó su anuencia el día 21 siguiente. Del mismo modo, el TPI concedió un término de treinta (30) días a la señora Hernández Tolentino para anunciar nueva representación legal.[6]

---

[1] Apéndice III, entrada 1 del expediente electrónico del caso CA2024CV03722 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] Apéndice VIII, entrada 14 del SUMAC.
[3] Apéndice XII, entrada 18 del SUMAC.
[4] Apéndices X y XIII, entradas 16 y 19 del SUMAC.
[5] Apéndices XIV y XV, entradas 20 y 21 del SUMAC.
[6] Apéndices XVI y XVII, entradas 22 y 24 del SUMAC.

Así las cosas, el 20 de marzo de 2025, la peticionaria compareció mediante nueva representación legal: Lcdo. Edgar Villanueva Rivera (licenciado Villanueva Rivera), quien pidió un término para evaluar el expediente. El plazo fue otorgado hasta el 21 de abril de 2025.[7] En esa fecha, el licenciado Villanueva Rivera presentó *Moción de breve prórroga*.[8] Expresó que, de una evaluación de la *Demanda*, ésta requería una enmienda a las alegaciones, pues existía una discrepancia entre la apreciación de la pasada representación legal y él. Por consiguiente, solicitó una prórroga de doce (12) días. La extensión fue concedida por el TPI hasta el 5 de mayo de 2025.[9] Por igual, se apercibió al abogado que debía informar primero cuál era la enmienda a tenor con la Regla 13.1 de Procedimiento Civil, *infra*. Llegado el día, sin embargo, se requirió otra extensión de tres (3) días;[10] a la que PiedraDura se opuso.[11]

Al arribar el 8 de mayo de 2025, la señora Hernández Tolentino presentó *Moción en cumplimiento de Orden y solicitud de autorización de enmienda al amparo de la Regla 13.1 de Procedimiento Civil*.[12] A dicho escrito, la peticionaria anejó la *Demanda Enmendada*. A su vez, en el escrito judicial, se expresó en los méritos y conjuntamente en torno a las mociones de desestimación incoadas por la Cooperativa y PiedraDura.

Ahora, si bien fue emitida el 6 de mayo de 2025, no fue hasta el día 9 que el TPI notificó una *Orden* mediante la cual declaró *No Ha Lugar* la prórroga de tres (3) días. Igualmente, sin percatarse del contenido del escrito, el TPI decretó un término de veinticuatro (24)

---

[7] Apéndices XVIII y XIX, entradas 25-26 del SUMAC.
[8] Apéndice XX, entrada 27 del SUMAC.
[9] Apéndice XXI, entrada 28 del SUMAC.
[10] Apéndice XXII, entrada 29 del SUMAC.
[11] Apéndice XXIII, entrada 30 del SUMAC.
[12] Apéndice XXIV, entrada 31 del SUMAC.

horas para que la peticionaria respondiera a las mociones dispositivas.[13]

Insatisfecha, la señora Hernández Tolentino instó una *Moción de reconsideración*.[14] En esencia, al palio de la Regla 13.1 de Procedimiento Civil, *infra*, rogó que se aceptara la enmienda de su reclamación civil. Aclaró que PiedraDura ni la Cooperativa habían presentado sus respectivas alegaciones responsivas a la *Demanda*, por lo que las partes no tendrían perjuicio alguno de concederse la enmienda. Añadió que las partes no habían iniciado el procedimiento de descubrimiento de prueba, el cual tampoco había sido calendarizado.

El TPI rechazó reconsiderar su postura, así como la solicitud de enmienda a la *Demanda*, y expresó que las mociones dispositivas se encontraban sometidas para su adjudicación.[15] Inconforme todavía, la señora Hernández Tolentino acudió oportunamente ante este foro revisor y señaló la comisión del siguiente error procesal:

> **Erró el Honorable Tribunal de Primera Instancia y abusó de su discreción al denegar una solicitud de enmiendas a las alegaciones de la *Demanda* en clara contravención con lo dispuesto en la Regla 13.1 de Procedimiento Civil, que establece que cualquier parte podrá enmendar sus alegaciones en cualquier momento antes de haberse notificado una alegación responsiva y en el caso de autos no consta notificación de alegaciones responsivas de ninguna de las partes recurridas, por lo que no se requiere autorización por parte del Tribunal para presentar una *Demanda Enmendada*.**

## II.

### A.

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un foro inferior y corregir algún error cometido por éste. *800 Ponce de*

---

[13] Apéndice XXV, entrada 32 del SUMAC. Ante este trámite, PiedraDura reiteró la desestimación de la causa de acción; véase, Apéndices XXVI y XVIII, entradas 33 y 35 del SUMAC.

[14] Apéndice XXVII, entrada 34 del SUMAC.

[15] Apéndices I y II, entradas 36-37 del SUMAC.

*León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al., v. BBVAPR,* 185 DPR 307, 337-338 (2012); *García v. Padró,* 165 DPR 324, 334 (2005). Es sabido que la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita las instancias en las cuales este foro intermedio tiene autoridad para atender los recursos de *certiorari.* La regla procesal fija taxativamente los asuntos aptos para la revisión interlocutoria mediante el recurso de *certiorari,* así como aquellas materias que, por excepción, ameritan nuestra intervención adelantada, ya fuese por su naturaleza o por el efecto producido a las partes. *800 Ponce de León v. AIG, supra,* pág. 175. Entre éstas últimas, incluye **cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia**.

Además del examen objetivo antes descrito, para ejercer sabia y prudentemente nuestra facultad discrecional al determinar si expedimos o denegamos un recurso de *certiorari,* nos guiamos por la Regla 40 del Reglamento del Tribunal de Apelaciones, *Criterios para la expedición del auto de certiorari,* 4 LPRA Ap. XXII-B, R. 40.

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) **Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho**.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) **Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración**.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) **Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia**. (Énfasis nuestro).

Claro está, es norma asentada que este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional, "*salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que* **incurrió en error manifiesto**". (Cursivas en el original y énfasis nuestro). *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018) y la jurisprudencia allí citada.

**B.**

La Regla 13.1 de Procedimiento Civil, 32 LPRA Ap. V, regula el procedimiento a seguir para enmendar una alegación:

> **Cualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva**, o si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. En cualquier otro caso, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; y el permiso se concederá liberalmente cuando la justicia así lo requiera. La solicitud de autorización para enmendar las alegaciones deberá estar acompañada de la alegación enmendada en su totalidad. Una parte notificará su contestación a una alegación enmendada dentro del tiempo que le reste para contestar la alegación original o dentro de veinte (20) días de haberle sido notificada la alegación enmendada, cualquiera de estos plazos que sea más largo, a menos que el tribunal de otro modo lo ordene. (Énfasis nuestro).

La enmienda a una alegación puede servir para abundar las alegaciones originales, ampliar las causas de acción expuestas en la demanda, o para añadir una o más causas de acción. *Ortiz Díaz v. R. & R. Motors Sales Corp.*, 131 DPR 829, 837 (1992). Para ello, según esbozamos, la Regla 13.1 de Procedimiento Civil, *supra*, establece que, **antes de la notificación de una alegación respondiente, la parte reclamante, como cuestión de derecho, puede enmendar sus alegaciones en cualquier momento**. *Clemente v. Depto. Vivienda,* 114 DPR 763, 771 (1983), refrendado en J.A. Cuevas Segarra*, Tratado de*

*Derecho Procesal Civil,* 2da ed., San Juan, Publicaciones JTS, 2011, t. II, pág. 592. Cabe resaltar que la facultad de enmendar, previo a la contestación, no se afecta porque la otra parte haya presentado otro tipo de moción, incluyendo una solicitud de desestimación. Ello así, porque la moción de desestimación no constituye una alegación responsiva, de conformidad con la Regla 13.1 de Procedimiento Civil, *supra. Navarro Alicea v. Tribunal Superior,* 101 DPR 251 (1973); Cuevas Segarra, *op. cit.,* págs. 592-593.

**III.**

En el presente caso, la señora Hernández Tolentino plantea que el TPI incidió al negarle enmendar las alegaciones de su *Demanda* en contravención el ordenamiento procesal civil. Sostiene que, en el caso de autos, no constan notificaciones de alegaciones responsivas de ninguna de las partes recurridas. Le asiste la razón.

Luego de evaluar cuidadosamente el tracto del caso ante nos, así como el Derecho procesal aplicable, es patente que la peticionaria estaba facultada a enmendar su *Demanda.* Nótese que la Cooperativa y PiedraDura instaron sendas mociones desestimatorias, pero ninguno de los recurridos ha presentado sus alegaciones responsivas. "En estas circunstancias, el derecho a enmendar sin permiso del tribunal, como cuestión de derecho, es absoluto". Cuevas Segarra, *op. cit.,* pág. 593.

En vista de lo anterior, dado el error manifiesto, la naturaleza de esta causa y el fracaso a la justicia que implicaría esperar a un recurso apelativo, estamos compelidos a dejar sin efecto las *Órdenes* notificadas el 23 de mayo de 2025 por el TPI. Por lo tanto, se permite la *Demanda Enmendada* presentada el 8 de mayo de 2025 por la peticionaria. Conforme lo resuelto, es innecesario que nos expresemos en torno a la moción en auxilio de jurisdicción.

**IV.**

Por los fundamentos antes expuestos, se expide el recurso de *certiorari* y se revocan las *Órdenes* recurridas. En consecuencia, se

ordena la continuación de los procedimientos ante el Tribunal de Primera Instancia de conformidad con lo aquí dispuesto.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal y lo certifica su Secretaria.


Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones